**UNITED STATES of America, Appellee,**

v.

**Joseph Jackson McGILL, Appellant.**

No. 79–1099.

United States Court of Appeals,
Ninth Circuit.

Sept. 24, 1979.

Stephen W. Peterson, Asst. U. S. Atty. (on the brief), Michael H. Walsh, U. S. Atty., Stephen W. Peterson, Asst. U. S. Atty. (argued), San Diego, Cal., for appellee.

George W. Hunt, San Diego, Cal., for appellant.

Before GOODWIN and TANG, Circuit Judges, and LYDICK *, District Judge.

GOODWIN, Circuit Judge:

Joseph Jackson McGill appeals a judgment, after a jury trial, convicting him of bail jumping. In 1975 he was indicted by a federal grand jury for violating the Controlled Substance Act, 21 U.S.C. §§ 841(a)(1), 846. He was arrested, arraigned before a magistrate, and released on bond. McGill's trial was conducted under a superseding indictment charging statutory violations similar to those originally charged. The court ordered him to appear for sentencing. He did not appear. The court declared his bond forfeited, and issued

---

* The Honorable Lawrence T. Lydick, United States District Judge for the Central District of California, sitting by designation.

warrants for his arrest. Three years later, McGill was arrested in Mississippi, using another name.

McGill contends that the trial court erred in several particulars. His primary argument is that the court erred in taking from the jury an essential element of the crime. He also challenges certain instructions to the jury. Finally, he asserts that the trial court improperly commented on the evidence. We find no reversible error.

■ The five elements of the offense of bail jumping under 18 U.S.C. § 3150 are that the defendant (1) was released pursuant to the Bail Reform Act of 1966 (18 U.S.C. § 3146); (2) was required to appear in court; (3) was aware of this required appearance; (4) failed to appear as required; and (5) was willful in his or her failure to appear.

McGill's motion for acquittal, and his theory that the trial judge erroneously precluded jury consideration of a key issue, focus on the first element listed above. He argues that he should have been acquitted because the prosecution failed to prove that he was free pursuant to 18 U.S.C. § 3146 when he failed to appear. According to McGill, his scheduled appearance in court on sentencing day was only in connection with the superseding indictment on which he had been convicted, and not in connection with the first indictment. Because he asserts that his bond related only to the first indictment, and not to the superseding indictment, McGill says that his release was not a release pursuant to the Bail Reform Act but was some other, unspecified form of release. Alternatively, he asserts that the jury, and not the judge, should have decided whether his release was pursuant to the Act.

A criminal defendant is entitled to trial by jury and proof beyond a reasonable doubt of every element of the offense charged. Nonetheless, the trial judge rules on questions of law, and it is the judge's duty to instruct the jury in a criminal case on the applicable law.

■ Whether a defendant was released pursuant to the Bail Reform Act of 1966 may involve issues both of law and of fact. The factual component of the offense can include such questions as whether the defendant was the same person as the one released at the prior proceeding, or whether the defendant was released, i. e., allowed to leave government custody by consent rather than by escape. On the other hand, the authority by which a judge released a defendant and whether the court complied with statutory procedures are primarily questions of law.

■ In rare cases, there may be some factual subquestions underlying the question of the original bail-setting judge's authority—whether the defendant had been charged and advised of his rights and duties might be crucial; or whether the offense was one for which bail was categorically precluded, for example. But, in most cases, the question whether a release was pursuant to the Act will be one on which the trial judge should instruct the jury as a matter of law.

■ In the case before us, the trial judge instructed the jury that McGill was released pursuant to 18 U.S.C. § 3146. Although technically the trial judge might have segregated the factual and legal underpinnings of this element, and permitted the jury to consider the question, there was no reversible error in the instruction given. Even if the judge had outlined each factual question for the jury's consideration, there was no evidence or legal theory that could exculpate McGill on the factual components of the first element. Therefore, any error in failing to present the question to the jury, would have been harmless. No reasonable jury could have done anything but find against McGill on the factual part of the first element. Accordingly, any error in the allocation of decisionmaking in this case was harmless beyond a reasonable doubt under the standard of *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See United States v. Valdez,*

594 F.2d 725, 729 (9th Cir. 1979); *United States v. Kostoff,* 585 F.2d 378, 380 (9th Cir. 1978).

Since we find no ground for reversal in the court's instructing the jury as a matter of law on the first element, we need not decide whether the court could also have reached the same result by taking judicial notice of the terms of McGill's release. We must, however, review the record to determine whether the judge was correct in the legal holding that the release was pursuant to the Act. We hold that the trial judge was correct.

It is undisputed that McGill's first release was pursuant to the Act. If the bond he posted at that time did not cover his later postconviction release on the superseding indictment, it would follow that he must have remained at large either illegally or under some statutory grant of authority other than section 3146(a).

The record belies this argument, however. The trial judge noted during the proceedings .on the superseding indictment that McGill was "present on bond". The only bond ever mentioned in the case was the first one, upon which he had been released. When McGill failed to appear at the sentencing hearing after he was convicted on the superseding indictment, that bond was forfeited. In addition to these recorded expressions of the court's intent, it is undisputed that McGill had been ordered to appear and that he understood that order. *See United States v. Cardillo,* 473 F.2d 325 (4th Cir. 1973).

■ We reject McGill's suggestion that the release under the superseding indictment was not under 18 U.S.C. § 3146(a) because the court did not repeatedly tell him he was continued on bond and did not amend the original order of release each time the charge was amended. There is no requirement in the Bail Reform Act that the court repeat the conditions of release each time a defendant is arraigned on a superseding indictment. We can think of

no useful purpose to be served by interpolating such a requirement. Subsection 3146(c), requiring a statement of release conditions, applies to special conditions, such as restrictions on travel or association. *United States v. Eskew,* 469 F.2d 278, 279 (9th Cir. 1972); *United States v. DePugh,* 434 F.2d 548 (8th Cir. 1970). There were no special conditions imposed here.

■ Moreover, section 3146(e) provides that a judicial officer ordering a defendant's release may amend the order of release to impose "additional or different conditions". We believe this broad grant of discretionary power to change the terms of release reflects a congressional decision that the trial judge should resolve in favor of release most questions that arise in connection with a defendant's bail. In that light, we decline McGill's invitation to hold that his continuing release on bond was without statutory authority.

■ Finally, the judge's comment to counsel that the bond was "the only real issue" in the case was well within the trial court's discretion. Although the remark was not technically correct, and it was made before the jury, it in no way prejudiced the defense, which had elected to make legal arguments in the jury's presence that led to the court's comment. The court carefully instructed the jury that the colloquy was not to be considered as evidence, and this instruction was sufficient to cure the harm, if any, caused by the remark.

Affirmed.