**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ernest Joseph CASTALDO, Defendant–Appellant.**

No. 80–1102.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 1980.

Decided Oct. 23, 1980.

Rehearing Denied Feb. 5, 1981.

* The Honorable William C. Hanson, Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

John Rogers Carroll, Philadelphia, Pa., for defendant–appellant.

Henry H. Rossbacher, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff–appellee.

Before TRASK and SKOPIL, Circuit Judges, and SOLOMON,* District Judge.

SKOPIL, Circuit Judge:

## BACKGROUND

Ernest Joseph Castaldo was convicted of willful failure to appear at a hearing after having been released on bail in violation of 18 U.S.C. § 3150. He was sentenced to 18 months in custody, to run consecutively to a sentence previously imposed. Castaldo appeals.

## FACTS

On February 26, 1979 Castaldo was convicted of a drug charge, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to a term of eight years incarceration plus a special parole term of 10 years.

On February 27, 1979 Castaldo posted two corporate surety bonds in the amount of $250,000.00. He was released from custody pending appeal. One of the conditions of the bond required Castaldo to appear before the district court upon order of the court at any time during the pendency of the appeal.

On April 30, 1979 at 2:00 p.m. a hearing was convened to revoke Castaldo's bond. At the scheduled time of the hearing Castaldo appeared accompanied by four lawyers, including his trial counsel. At the commencement of the hearing Castaldo requested a continuance to substitute new counsel. The court denied the request. The remainder of the hearing was continued until 3:25 p. m. at the end of the court calendar. By 3:25 p. m. Castaldo had disappeared.

Castaldo's counsel informed the court that they did not know of Castaldo's whereabouts. The court made further inquiry. Being unable to locate him, the court ordered that bail be forfeited and issued a bench warrant for Castaldo's arrest.

Because he was a fugitive, Castaldo's appeal to this court on the drug conviction 21 U.S.C. § 841(a)(1) was dismissed. On July 31, 1979 the district court scheduled a hearing for the filing and spreading of the mandate from the court of appeals. Notice of the hearing was served upon Castaldo's attorney of record. At the time the notice was served, Castaldo was a fugitive and the court did not have an address for him. The notice required Castaldo and all counsel to be present. Neither Castaldo nor his attorney appeared. An associate of his attorney appeared and informed the court that the notice of the hearing had arrived after Castaldo's counsel had left the country. Associate counsel informed the court that he was unaware of the whereabouts of Castaldo.

On October 20, 1979 Castaldo was recaptured. He was indicted for having failed to appear at the July 31, 1979 hearing, in violation of 18 U.S.C. § 3150.

## ISSUE

The principal issue presented is whether a defendant who has been released on bail and has his bail forfeited and a bench war-

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

rant issued for his arrest can be convicted of a violation of 18 U.S.C. § 3150 for failure to appear at a scheduled hearing after the forfeiture of bail.

## DISCUSSION

This case involves an interpretation of 18 U.S.C. § 3150 which provides:

"§ 3150. Penalties for Failure to Appear.

Whoever, having been released pursuant to this chapter [the Bail Reform Act], willfully fails to appear before any court or judicial officer as required, shall, subject to the provisions of the Federal Rules of Criminal Procedure, incur a forfeiture of any security which was given or pledged for his release, and, in addition, shall, (1) if he was released in connection with a charge of felony, or while awaiting sentence or pending appeal or certiorari after conviction of any offense, be fined not more than $5,000.00 or imprisoned *not more than five years*, or both . . ."

This court has determined the elements necessary to establish the offense of bail jumping under section 3150. The elements are that the defendant "(1) was released pursuant to the Bail Reform Act of 1966 (18 U.S.C. § 3146); (2) was required to appear in court; (3) was aware of this required appearance; (4) failed to appear as required; and (5) was willful in his or her failure to appear." *United States v. McGill*, 604 F.2d 1252 (9th Cir. 1979), *cert. denied*, 444 U.S. 1035, 100 S.Ct. 708, 62 L.Ed.2d 671 (1980). We are concerned with the first essential element of the offense. We must decide whether Castaldo was in the status "having been released" at the time he failed to appear for the July 31, 1980 hearing.

Castaldo contends that once his bail was forfeited and a bench warrant was issued, he was no longer released pursuant to the Bail Reform Act. His failure to appear at a subsequent hearing could not fall within the scope of section 3150.

The government argues that section 3150 applies because Castaldo gained his liberty initially by release pursuant to the Bail Reform Act. It insists that he was able to jump bail because he had been released pursuant to the Act. Therefore any failure to appear at a subsequent hearing is a failure to appear by the person released pursuant to the Act. We disagree.

This is a novel issue, and there is no case law on point. The Act contemplates that one must have been at liberty pursuant to the Bail Reform Act when he failed to appear. This conclusion is compelled by the Congressional goal behind the legislation, and by the need for the internal consistency of the Act, to require that the defendant face criminal liability for the same act for which he forfeited bail.

The Congressional purpose for providing for criminal penalties for bail jumping, 18 U.S.C. § 3150, was to promote an "effective deterrent of nonappearance." See H.R. Rep.No.1541, 89th Cong.2d Sess. reprinted in [1966] U.S.Code Cong. Admin.News, pp. 2293, 2298. This policy is not furthered by punishing a defendant who is already a fugitive at the time of the hearing. He already is subject to, or in any event believes he is subject to, criminal liabilities because he failed to show for the previous hearing in which bail was forfeited and a bench warrant issued for his arrest. The issuance of the bench warrant indicates that the criminal process had begun when Castaldo failed to appear at the first hearing.

A second reason also suggests that Castaldo should not be charged with failure to appear at the July 31, 1979 hearing. His bail was ordered forfeited when he failed to appear at the reconvened hearing on April 30, 1979. The statute contemplates that the same predicate act shall serve as the basis both for forfeiting bail and for imposing criminal liability if it is to be imposed.

The statute provides, "whoever . . . willfully fails to appear . . . shall . . . incur a forfeiture of any security which was given or pledged for his release and, *in addition*, shall . . . be fined . . . or imprisoned." [emphasis added] The bail forfeiture and criminal liability are complementary penal-

ties triggered by the same predicate act. This does not mean that the imposition of one sanction precludes the imposition of the other, nor are the § 3150 sanctions exclusive. *Brown v. United States*, 410 F.2d 212 (5th Cir.), *cert. denied*, 396 U.S. 932, 90 S.Ct. 272, 24 L.Ed.2d 230 (1969).

Castaldo can not be charged under 18 U.S.C. § 3150 because of his failure to appear at the subsequent hearing. At the time he failed to appear, he was a fugitive. He was no longer released pursuant to the Act.

CONCLUSION

Having held that Castaldo could not be charged under § 3150 it is unnecessary for us to reach the remaining issues on appeal. The judgment is reversed. The indictment will be dismissed.