**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**James Libertarian BURNS,**
**Defendant-Appellee.**

No. 81–1478.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 1981.

Decided Feb. 8, 1982.

Rimantas A. Rukstele, Asst. U. S. Atty., Las Vegas, Nev., for the U. S.

Daniel Markoff, Federal Public Defender, Las Vegas, Nev., for defendant-appellee.

Before BROWNING, Chief Judge, FLETCHER, Circuit Judge, and von der HEYDT,* District Judge.

PER CURIAM:

Burns was indicted for "bail jumping" in violation of 18 U.S.C. § 3150 when he failed to appear for sentencing following conviction under 26 U.S.C. § 7203 (failure to file tax returns). One element of the offense under 18 U.S.C. § 3150 is that the defendant be released "pursuant to the Bail Reform Act of 1966 (18 U.S.C. § 3146)." *United States v. McGill*, 604 F.2d 1252, 1254 (9th Cir. 1979). The district court dismissed the indictment on the ground defendant had not been released pursuant to Section 3146. The government appeals.

When Burns was indicted for the tax offense, the district court issued a summons pursuant to Fed.R.Crim.P. 4(a), which stated: "you are hereby summoned to appear ... to answer an Indictment ...." Burns appeared at the required time and was arraigned. The minutes of the court reflect he was present "on summons" and, after arraignment, was "continued on present terms of release."

Burns appeared for trial on the date fixed. He was convicted. The court instructed him to appear for sentencing, stating:

The summons is still in effect and we are going to allow you to leave based on the summons and to return on March 3rd 1980, at the hour of 10:00 a. m.

Burns did not appear for sentencing. The court issued a bench warrant for his arrest. He later surrendered to authorities and was indicted for violation of § 3150. Burns challenged this indictment on the ground he was never released under § 3146. The district court agreed, holding that at the time Burns failed to appear, his status was that of a fugitive rather than a person released under § 3146, and that he was therefore not subject to § 3150. The court thought *United States v. Castaldo*, 636 F.2d 1169 (9th Cir. 1980) required this result.

Castaldo, who had been released pursuant to § 3146, failed to appear at a hearing and a bench warrant was issued for his arrest. Before he was apprehended, the court issued an order that he appear at a second hearing concerning drug charges then pending against him. Notice of this hearing was served on his attorney. Castaldo failed to appear and was indicted for violating § 3150. We held that Castaldo became a fugitive when the bench warrant was issued and that, as a fugitive, he was no longer a person released pursuant to § 3146 and was not subject to prosecution for any failure to appear *after* the bench warrant was issued.

Burns, like Castaldo, became a fugitive after a bench warrant for his arrest was issued. Unlike Castaldo, however, Burns was indicted for a failure to appear that occurred *before* the bench warrant was issued. If Burns was released pursuant to § 3146, he can be prosecuted for failing to appear.

Rule 46(c) of the Federal Rules of Criminal Procedure provides that "[e]ligibility for release pending sentence ... shall be in accordance with 18 U.S.C. § 3148." Section 3148 provides that "[a] person ... who has been convicted of an offense and is ... awaiting sentence ... shall be treated in

---

* Honorable James A. von der Heydt, Chief Judge, United States District Court for the District of Alaska, sitting by designation.

accordance with section 3146 unless the court ... believe[s] that no ... conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community." There is no other statutory authority for the release of convicted persons. When Burns was convicted the district court was empowered only to release him pursuant to § 3146 or to detain him.

Section 3146 authorized the Court to release Burns "on his personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judicial officer," unless the court determined that such a release would not reasonably assure his appearance. The court's action in allowing Burns to leave on the same terms as under the summons and to return on the date set by the court, was a release on personal recognizance under the statute.

The terms of Burns' release were less well defined than they could have been. The form of personal recognizance release "on summons" undertaken by the district court was ill-advised. On the facts of this case, however, Burns was informed of the terms of his release and the consequences of a failure to reappear at the appointed time. Accordingly, though unnecessarily informal, the personal recognizance release met the requirements of the Act.

Since Burns was released pursuant to § 3146, the indictment should not have been dismissed.

REVERSED.