**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas Whatley BODIFORD, Defendant-Appellant.**

**No. 84–1733 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 5, 1985.

Kenneth M. Stillman (court-appointed), Dallas, Tex., for defendant-appellant.

James A. Rolfe, U.S. Atty., Fort Worth, Tex., James T. Jacks, Dallas, Tex., for plaintiff-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A defendant failed to appear for trial on criminal charges although he had notice of the trial date. He was convicted of willful failure to appear for trial in violation of 18 U.S.C. § 3150. Because that statute applies only to persons who have been released on bond or personal recognizance in a release proceeding, and the defendant had never appeared in such a proceeding or been released pursuant to one, we reverse the conviction.

Thomas Whatley Bodiford was charged on four counts with knowing failure to file income tax returns in violation of 26 U.S.C. § 7203. The information was filed on April

11, 1983. The summons was issued on April 15, 1983, but was returned unexecuted the following month. The parties have stipulated that: the address on the summons was furnished by Bodiford to the United States Attorney's office, Bodiford never received the summons, and he appeared voluntarily at his arraignment pursuant to a telephone conversation with the government attorney. Represented by counsel, Bodiford entered a plea of not guilty and the case was set for trial on July 5, 1983.

During the arraignment the following exchange occurred between the court and the government attorney:

MR. JACKS: Judge, the defendant is appearing voluntarily in response to—a summons was issued but it was not served and he is appearing voluntarily. Does he need to meet with Pre-Trial? THE COURT: I don't know about Pre-Trial. I think, Mr. Wilson [defense attorney], you do need to have him upstairs at the Marshal's office so they will have a record. Isn't that right, Mr. Marshal? THE MARSHAL: Yes, sir, they need to process him. THE COURT: All right. Take him up to the Marshal's office as soon as I recess and I think you ought to go down to the Pre-Trial Release office just to check in. I am not at all sure that they will need you but it is better to check in while you are here. That is on the fourteenth floor. Anything else we need to take up? *He will continue on his bond he appeared on today pending trial....* (emphasis added).

The case was called for trial as scheduled on July 5, 1983. Although his retained counsel appeared, Bodiford did not, and a bench warrant was issued on the income tax charges. Bodiford was arrested on those charges in February 1984, pleaded

guilty to two counts pursuant to a plea bargain, and was sentenced to two consecutive one-year terms in prison. A one-count information for failure to appear on the original trial date was filed the day after Bodiford pleaded guilty on the income tax charges.

The district court held that Bodiford had notice both of his trial date and of "the conditions of his release pending the trial," and found him guilty of violating § 3150. The government concedes that Bodiford was not arrested prior to his original trial date, did not appear before a judicial officer before his arraignment, and that the record fails to reflect the authority under which he was released. It argues, however, that these omissions are harmless because Bodiford has not proved prejudice as required by *United States v. Clemons.*[1]

"Release," within the meaning of the Bail Reform Act,[2] is an element of the offense of bail-jumping under Section 3150.[3] Section 3150 provides penalties for any person who, "having been released pursuant to this chapter, willfully fails to appear before any court ... as required...."[4] Section 3146(a) specifies two types of pre-trial release for noncapital offenders. They are to be released on either "personal recognizance" or "the execution of an unsecured appearance bond...."[5] The present record does not contain a minute entry, an arraignment form stating the authority under which the defendant is released, or a bond, and there is no contention that any of these exists but was omitted from the record by oversight. The arraignment transcript reflects the district court's mistaken belief that Bodiford had already been released on bond when in fact he had never appeared before a judicial officer and hence had never been "released."

---

1. 676 F.2d 124, 126 (5th Cir.1982).

2. 18 U.S.C. §§ 3141 *et seq.*

3. *See United States v. Smith,* 548 F.2d 545, 548 (5th Cir.), *cert. denied,* 431 U.S. 959, 97 S.Ct. 2685, 53 L.Ed.2d 277 (1977).

4. *See generally* 3A C. Wright, Federal Practice and Procedure § 778 (2d ed. 1982).

5. 18 U.S.C. § 3146(a).

On two occasions this court has excused the government's failure to prove the fact of release in a § 3150 prosecution. In *United States v. Luis,*[6] the defendant had in fact been taken into custody and "admitted to bond," but the record did not reflect "the authority under which he was released." Unlike Luis, Bodiford had never been taken into custody and was never, therefore, "released."

Relying on *Luis* as authority, the court in *United States v. Clemons*[7] said, in dicta, that "[p]roof of release under Section 3146, although an essential element of the crime, is *apparently* not required unless the defendant can demonstrate prejudice."[8] The *Clemons* opinion does not indicate whether or not the defendant had been taken into custody. As in *Luis,* however, the record simply did not reflect the authority under which he was released.

 In the present case, there is not merely a record deficiency. No summons was ever served on Bodiford and he was never taken into custody.[9] Hence he could never have been released.

The transcript of the arraignment shows that both attorneys were on notice that further processing by the Marshal's office was warranted. The prosecution failed to correct the trial court's mistaken belief that the defendant was already on bail. While Bodiford's lawyer may have had knowledge of the court's error, and may arguably have had a duty to correct it, his delinquency in failing to do so does not supply the legal elements necessary to convict his client of a crime. It may be that conduct like Bodiford's should be punished; however, it is elementary that a defendant may be convicted only of an offense defined by statute, not because his conduct is reprehensible. *Nulla poena sine lege* is not only an ancient maxim; it is a requisite of due process.[10]

For these reasons, the judgment of conviction is REVERSED and the case is REMANDED with instructions to enter a judgment of acquittal on the charge of failure to appear for trial.

---

**6.** 418 F.2d 439, 440 (5th Cir.1969) (per curiam).

**7.** *Supra* note 1.

**8.** 676 F.2d at 126 (citing Fed.R.Crim.P. 52(a)) (Emphasis supplied).

**9.** *See United States v. Garner,* 478 F.Supp. 1, 3–4 (W.D.Tenn.1979) (summons is the functional equivalent of custody for purposes of the bail statute). *Cf. United States v. Burns,* 667 F.2d 781, 782 (9th Cir.) (per curiam), *cert. denied,* 456 U.S. 1010, 102 S.Ct. 2304, 73 L.Ed.2d 1306 (1982) (after defendant's appearance "on summons" at his arraignment, his continuance of release "on summons" constituted release on personal recognizance within the meaning of Section 3146).

**10.** *Lanzetta v. State of New Jersey,* 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); *Kolender v. Lawson,* 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); J. Rawls, *A Theory of Justice* 238 (1971).