**Richard E. MILHEM, Sr.,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

**No. 86–3143.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 4, 1987.[*]

Decided Nov. 24, 1987.

Certiorari Denied Jan. 25, 1988.
See 108 S.Ct. 783.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice

Kenneth E. Barden, Richmond, Ind., for petitioner-appellant.

James G. Richmond, Hammond, Ind., Christina McKee, Ft. Wayne, Ind., for respondent-appellee.

Before CUDAHY and MANION, Circuit Judges, and PELL, Senior Circuit Judge.

PELL, Senior Circuit Judge.

Petitioner Richard Milhem, Sr., appeals from the district court's denial of his petition for relief under 28 U.S.C. § 2255. Milhem pleaded guilty to a bail-jumping charge in 1984, but now argues that he could not have committed the charged offense because he was no longer the subject of a bail bond at the time of the incident that formed the basis for the criminal charge.

## FACTS

On October 6, 1983 Richard Milhem, Sr. was indicted in the Northern District of Indiana on a charge of defrauding the United States by passing counterfeit notes in violation of 18 U.S.C. § 371. He pleaded not guilty and was released on posting of 10% of a $2,000 bond. Among the stated conditions of Milhem's release were that he appear at court proceedings as ordered and that he remain within the confines of the Northern District of Indiana.

On November 28, 1983, Milhem and other co-defendants were ordered to appear at a pretrial conference to be held on December 7. At about that same time the Government received information, through Milhem's mother and his attorney, that Milhem had left the Northern District of Indiana. Based on this information the Government petitioned the district court for issuance of an arrest warrant on November 30. On December 1 the district court ordered the issuance of a warrant for Milhem's arrest and "to redetermine the terms and conditions of any further release...." The district court did not expressly revoke Milhem's bond, nor did it order bail forfeited.

On December 7 Milhem failed to appear at the scheduled pretrial conference. He was indicted that same day for failing to appear at the conference in violation of 18 U.S.C. § 3150 (1976), which at that time [1] provided that:

---

provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

**1.** Currently criminal penalties for failure to appear in violation of a release order are pre-

scribed by 18 U.S.C. § 3146, enacted in § 203(a) of the Bail Reform Act of 1984, Pub.L. 98–473, 98 Stat. 1982, as amended by § 55(f) of Pub.L. 99–646, 100 Stat. 3609, which provides in part that:

(a) OFFENSE—Whoever, having been released under this chapter knowingly—

[w]hoever, having been released pursuant to this chapter, willfully fails to appear before any court or judicial officer as required, shall, subject to the provisions of the Federal Rules of Criminal Procedure, incur a forfeiture of any security which was given or pledged for his release and, in addition, shall, (1) if he was released in connection with a charge of felony, ... be fined not more than $5,000.00 or imprisoned not more than five years, or both....

Milhem was arrested on January 29, 1984 by state authorities. On October 15 of that year he pleaded guilty to the charge of failure to appear and was sentenced to a five-year term. He did not appeal directly from this conviction. The instant petition under 28 U.S.C. § 2255 was filed by Milhem *pro se* on February 24, 1986. After appointing counsel for Milhem, the district court denied the petition on November 25, 1986. This appeal followed.

## ANALYSIS

Milhem's sole contention, both in this court and in the district court, is a simple one. He argues that at the time he failed to appear at the pretrial conference he was not a person then released under the federal bail statutes because the warrant for his arrest that had been issued one week earlier had revoked his bond and rendered him a fugitive.[2] While disputing Milhem's interpretation of former § 3150, the Government also contends that we need not reach the merits of Milhem's claim because his guilty plea has deprived him of standing to contest his conviction.

The Government correctly argues that a plea of guilty to an offense constitutes a waiver of any claim of insufficiency of proof on any element of that offense. *See United States v. Cerri*, 753 F.2d 61, 65 (7th Cir.), *cert. denied*, 472 U.S. 1017, 105 S.Ct.

3479, 87 L.Ed.2d 614 (1985). A guilty plea is, in fact, considered as if a "conviction" in itself. *Boykin v. Alabama*, 395 U.S. 238, 242 and n. 4, 89 S.Ct. 1709, 1711 and n. 4, 23 L.Ed.2d 274 (1969). Release status is an element of the offense of bail-jumping, and the Government asserts that Milhem waived his right to challenge the sufficiency of its proof on that point.

We think that the Government is technically correct in its evaluation of the general effect of Milhem's plea (an evaluation that Milhem does not dispute), but we believe that this case presents a situation in which an examination of the merits is warranted nonetheless. That we should reach the merits is suggested by this court's opinion in *Cerri*, in which the court held that a defendant's plea of guilty to a charge of unlawful sale of firearms waived his right to argue that facts elicited at a evidentiary hearing clearly demonstrated that no sale had been consummated. 753 F.2d at 65. Although the court held that Cerri had waived his right to challenge the sufficiency of the evidence of sale, it went on to consider the merits of his sufficiency claim because the factual basis for the claim appeared to be undisputed; the court was reluctant to find waiver where the result would mean "that Cerri had pleaded guilty to an offense he could not have committed...." *Id.* In our view the same considerations govern here. The Government's waiver argument characterizes Milhem's claim as a challenge to proof on an element of an offense, but there is no dispute about what occurred in the district court with regard to Milhem's custody. The warrant was undeniably issued before the pretrial hearing and corresponding indictment. Only the *legal* significance of those events and of their order of occurrence is at issue herein. We turn therefore to the merits.

---

    (1) fails to appear before a court as required by the conditions of release; or
    (2) fails to surrender for service of sentence pursuant to a court order;
shall be punished as provided in subsection (b) of this section.

**2.** The Government could not have charged Milhem under § 3150 for leaving the Northern District of Indiana because this breach of his bond conditions did not constitute a failure to appear in court. Nevertheless it could have charged Milhem with criminal contempt for violation of the travel restriction. *See United States v. Williams*, 622 F.2d 830, 836 (5th Cir. 1980) *(en banc), cert. denied*, 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981).

Milhem's claim that the issuance of the arrest warrant revoked his bond and ended his obligations under the bail-jumping statute is based on his interpretation of the opening phrase of 18 U.S.C. § 3150 (1976), to wit: "[w]hoever, *having been released* pursuant to this chapter ..." (emphasis added). The "chapter" referred to is the Bail Reform Act of 1966. It is clear that Milhem was initially released under that Act and that he was on release under the Act at the time the warrant was issued. Milhem claims that the issuance of the warrant ended the liberty allowed him by his bail bond and rendered him a fugitive at the time of the pretrial conference that was the subject of the indictment in this case. In support of this contention Milhem cites *United States v. Castaldo*, 636 F.2d 1169 (9th Cir.1980). In that case the defendant appeared at the initial portion of a district court hearing held while he was on bond pending appeal, but failed to return for further proceedings later that day. The district judge directed that Castaldo's bail be forfeited and issued a warrant for his arrest. His appeal from the underlying conviction was dismissed, and a new district court hearing was scheduled "for the filing and spreading of the mandate from the court of appeals." 636 F.2d at 1170. Notice of this hearing was sent to Castaldo's attorney, but neither attorney nor client appeared. Eventually recaptured, Castaldo was indicted and convicted under former § 3150 for failing to appear at the post-appeal hearing. On appeal the Ninth Circuit reversed his conviction, concluding that he was no longer released under the Bail Reform Act at the time of the hearing that he was charged with missing.

The *Castaldo* court advanced two bases for its decision. First it cited Congress' expressed intent to deter nonappearance and concluded that this policy would not be furthered by imposing a punishment on one who is a fugitive at the time of the appearance in question. The court also found significance in the effect of the forfeiture

of Castaldo's bail, which under 18 U.S.C. § 3150 (1976) was a mandatory consequence of the same predicate act as would form the basis for the charge of failing to appear. The Ninth Circuit seemed to think, without saying so explicitly, that forfeiture signified a violation, and therefore that a subsequent failure to appear could not form the basis for criminal liability. The district court in the instant case rejected the *Castaldo* court's reasoning, concluding that the issuance of a bench warrant is unlikely to affect the actions of a fugitive or his knowledge of his fugitive status, and therefore that a warrant would not cut off the deterrent value of the statutory penalties. The district court did not comment on the effect of the forfeiture of bail in the *Castaldo* case.

Milhem argues that the Ninth Circuit's holding in *Castaldo* mandates the vacation of his conviction, and indeed the district court, in rejecting *Castaldo*, referred to Milhem's claim as "identical" to Castaldo's. Our reading of that case, however, suggests that it may be distinguished on important procedural grounds. The *Castaldo* court found it significant that the defendant's bail had been forfeited at the time the warrant was issued. That was not the procedure followed in the instant case. The warrant for Milhem's arrest was issued based on Government counsel's representation to the district court in her motion that she had learned, through Milhem's attorney and through a Secret Service agent who had contacted Milhem's mother, that Milhem had left the Northern District of Indiana. The warrant itself directs the "redetermin[ation of] the terms and conditions of any further release of said defendant." No order of revocation was ever entered. The record does not indicate that any forfeiture took place, even after Milhem's conviction; in fact, the record indicates that the $200 cash Milhem posted upon his arrest on the fraud charges actually was returned to him after he was sentenced on the failure-to-appear charge.[3]

---

3. This procedure seems to run counter to the language of 18 U.S.C. § 3150 (1976), *see supra* p. 3, which required forfeiture of bond upon con-

viction in addition to other penalties. Under current bail law, forfeiture is an option available to the district court when a defendant fails

Under these circumstances we do not see why the mere issuance of the warrant would of necessity operate to extinguish Milhem's bond. At most the warrant issued below can be described as a finding of probable cause to believe that criminal contempt had been committed, *see supra* n. 2. We do not see why the automatic termination of release status upon the mere issuance of an arrest warrant, prior to any hearing and without any formal finding of violation or other such action, is compelled either by common sense or by *Castaldo*.[4]

Prior to the passage of the Bail Reform Act of 1984 there was no specific statutory procedure prescribed for revocation of a release order. Such a procedure is now set forth at 18 U.S.C. § 3148(b), which applies whenever *any* condition of release is violated. Under § 3148(b) a judicial officer may issue a warrant that requires that the subject be brought before the court for what is described in the legislative history of that subsection as a "revocation hearing." S.Rep. No. 98–225, 98th Cong., 2d Sess. 35, *reprinted at* 1984 U.S.Code Cong. & Ad.

News 3182, 3218. This hearing may result in revocation of bond, an order of detention or release under amended conditions.

Of course, the procedures prescribed by § 3148(b) were not formally in effect at the time Milhem was indicted. Nevertheless it appears that the procedure contemplated by the district court and mentioned in the warrant it issued was similar in nature. Nothing in the warrant itself ruled out the possibility of release upon return to the Northern District of Indiana, although bond was ultimately set at $75,000 when Milhem was returned to the district court and arraigned on the bail-jumping indictment. Milhem's obligations under former § 3150 should have lasted at least until he appeared in the district court as directed in the warrant (as long as no other event terminated his bond).[5] Thus those obligations were in effect at the time he failed to appear at the December 7 pretrial conference.

In addition to being logical, the analysis set forth above allows us to avoid the difficult issue of when bail obligations *do* termi-

---

to appear, even if no separate criminal charge is filed. 18 U.S.C. § 3146(d).

**4.** We must note, if only for the sake of completeness, that a different panel of the Ninth Circuit has interpreted *Castaldo* otherwise. In *United States v. Burns*, 667 F.2d 781 (9th Cir.), *cert. denied*, 456 U.S. 1010, 102 S.Ct. 2304, 73 L.Ed.2d 1306 (1982) the court reversed the dismissal of an indictment returned under 18 U.S.C. § 3150 (1976) where the defendant had failed to appear for sentencing after a conviction on tax charges. The principal issue in *Burns* was whether the summons that had called the defendant to court, and to which the district court had referred in ordering Burns to appear for sentencing, constituted "release" under the bail law then in force. In concluding that it did, the *Burns* court rejected the application of *Castaldo*, but characterized the holding therein as follows:

> We held that Castaldo became a fugitive when the bench warrant was issued and that, as a fugitive, he was no longer a person released pursuant to [the bail statute] and was not subject to prosecution for any failure to appear *after* the bench warrant was issued.
>
> Burns, like Castaldo, became a fugitive after a bench warrant for his arrest was issued. Unlike Castaldo, however, Burns was indicted for a failure to appear that occurred *before* the bench warrant was issued. If Burns was released pursuant to § 3146, he can be prosecuted for failing to appear.

667 F.2d at 782 (emphasis original).

The issue presented by the *Burns* court's consideration of *Castaldo* is not present in the instant case. As we noted above, there is no dispute that the missed appearance for which Milhem was charged occurred after the bench warrant was issued. The *Burns* court distinguished *Castaldo* on grounds entirely different from those we have adopted herein. Accordingly we do not view the *Burns* court's characterization of *Castaldo* as binding on us in this case, which procedurally resembles *Castaldo* in a way that *Burns* did not.

**5.** In *Castaldo*, the district court forfeited the defendant's bail at the same time that it issued the warrant for his arrest. 636 F.2d at 1170. Such summary procedure may be proper when the violation is committed, as it were, "in the presence of" the court. *See* 18 U.S.C. § 3146(d) (current) (providing that forfeiture may take place upon failure to appear even if a defendant has not been charged with the criminal violation); Rule 42(a), Fed.R.Crim.P. (setting forth summary criminal contempt procedures where the judge certifies that he "saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court"). In the instant case the district court did not have the same perspective on Milhem's absence from the jurisdiction, and did not enter a forfeiture order in any case.

nate after a violation. We need not decide herein whether revocation or forfeiture, or both, or some other procedural event (such as a revocation hearing) is required to extinguish the effect of the failure-to-appear statute. All we hold today is that a simple warrant evincing at most a probable cause finding does not, without (or rather, until) more, have that effect.

Because Milhem was subject to the provisions of 18 U.S.C. § 3150 (1976) at the time he was indicted, we affirm the denial of his petition under 28 U.S.C. § 2255.

AFFIRMED.