857 F.2d 1469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Eugene JACKSON, Defendant-Appellant.
 No. 88-5526.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 21, 1988.
Decided: Aug. 3, 1988.
 
 Ronald D. McSwain (Boose & McSwain, on brief), for appellant.
 John Douglas McCullough, Assistant United States of Attorney (Margaret P. Currin, United States Attorney); Jessica Dunsay Silver, Irving Gornstein, Department of Justice, (William Bradford Reynolds, Assistant Attorney General, on brief), for appellee.
 Before CHAPMAN and WILKINS, Circuit Judges, and JOE ANDERSON, District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Robert Eugene Jackson appeals his conviction of failing to appear for trial in violation of 18 U.S.C. Sec. 3146. He claims that the evidence was not sufficient to sustain his conviction and that the trial judge erred in not granting his motion for a judgment of acquittal. We find the evidence of guilt was more than abundant, and we affirm.
 
 
 2
 In January 1987 appellant, along with several others, was indicted in the Eastern District of North Carolina for conspiracy to obtain military weapons that had been stolen. He did not appear for trial, and he was tried and convicted in his absence. This conviction was affirmed by our court on June 7, 1988 in No. 87-5111.
 
 
 3
 As a result of the conspiracy indictment, Jackson presented himself to federal authorities in Oklahoma and was released on bond. Thereafter he went to the Eastern District of North Carolina for another bond hearing and was again released on bond and returned to Oklahoma. A condition of his release was that he return to North Carolina and be present at his trial. The trial of his conspiracy action was set for April 6, 1987, but instead of appearing, he wrote a long letter dated April 5, 1987 and addressed "Dear Ladies and Gentlemen of the Jury". The letter was mailed to the court and in the letter he explained why he chose not to appear for trial and the last sentence stated "I demand that this letter be read as my closing argument."
 
 
 4
 To establish a violation of 18 U.S.C. Sec. 3146, the following essential elements must be proved beyond a reasonable doubt: that the defendant (1) was released on bail, (2) was required to appear in court, (3) was aware of his required appearance, (4) failed to appear as required, and (5) was willful in his failure to appear. United States v. McGill, 604 F.2d 1252 (9th Cir.1979) cert. denied, 444 U.S. 1035 (1980). At trial the government and the appellant stipulated that the appellant did not appear for trial in Elizabeth City, North Carolina on April 6, 1987, that appellant wrote the letter that was addressed to the jury explaining why he was not going to attend and asking that it be read as closing argument. It was proved that the appellant was familiar with the terms of his release on bond that required him to appear in court on the date of his trial. The only contested issue was whether appellant willfully failed to appear, and there was ample evidence of willfulness to support the jury's verdict of willfulness. Jackson had showed the letter to certain witnesses, who testified that he was quite proud of the letter and that he wanted to be sure that the letter was mailed. The testimony of these witnesses also reflect that Jackson was aware of his obligation to appear and that he made a deliberate decision not to do so.
 
 
 5
 Under Glasser v. United States, 315 U.S. 60 (1942) we must view the evidence in the light most favorable to the government and sustain the verdict if it is supported by evidence. We have complied with this mandate and we find that the evidence as to each of the elements of the crime was sufficient to prove the crime beyond a reasonable doubt. This appeal was submitted on briefs and was decided without oral arguments by consent of the parties.
 
 
 6
 AFFIRMED.