**Randall C. WEAVER, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 93–30442.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 1994.

Decided Oct. 14, 1994.

Charles F. Peterson, Orndorff & Peterson, Boise, ID, for petitioner-appellant.

D. Marc Haws, Asst. U.S. Atty., Boise, ID, for respondent-appellee.

Before: BROWNING and CANBY, Circuit Judges and HUFF * District Judge.

CANBY, Circuit Judge:

Randall Weaver appeals his conviction of failure to appear for his trial in violation of 18 U.S.C. § 3146. We affirm.

I

On January 18, 1991, Weaver was arraigned on charges of violating federal firearms laws.[1] He was informed, orally and in writing, that his trial was set for February 19, and was released on bail. Some days after Weaver's release, the court clerk informed counsel for the government, Weaver's attorney, and Weaver's pre-trial services/probation officer (Karl Richins) that the trial date had been changed to February 20. Richins sent Weaver a letter on February 7, in an attempt to notify him of this change. Unfortunately, the letter incorrectly stated that the trial date had been changed to *March* 20. Evidence, the admissibility of which is disputed in this appeal, indicated, however, that Weaver's attorney sent a letter to Weaver on February 8, informing him of the correct trial date.

Weaver failed to appear on February 20, and a bench warrant was issued for his arrest. Sometime later, Weaver was located at his house. Law enforcement authorities surrounded the house, demanding that he surrender. Following a ten-day standoff, during which Weaver's wife, Weaver's son, and a federal marshal were killed, Weaver was apprehended. The government thereafter filed additional charges against Weaver, including murder, conspiracy to commit an offense against the United States, and use of a firearm in connection with a violent crime. The case was tried to a jury, and Weaver was acquitted of all charges except failure to appear. This appeal followed.

II

■ To establish a violation of 18 U.S.C. § 3146, the government ordinarily must

---

* The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

1. He was indicted for possession of two sawed-off shotguns in violation of 26 U.S.C. § 5861(d) & (f).

prove that the defendant (1) was released pursuant to that statute, (2) was required to appear in court, (3) knew that he was required to appear, (4) failed to appear as required, and (5) was willful in his failure to appear. *United States v. McGill,* 604 F.2d 1252, 1254 (9th Cir.1979). The government attempted to establish Weaver's knowledge of the correct trial date by introducing the transcript of a colloquy that took place on February 20 (the date Weaver was scheduled to appear for trial) between Weaver's lawyer and the judge scheduled to preside. During that conversation, Weaver's attorney described his efforts to contact Weaver and inform him of the correct trial date. This is the only evidence the government introduced that Weaver was informed of the correct date. Weaver contends (as he did at trial) that this transcript is inadmissible hearsay, and that his conviction therefore must be reversed.

▮ Assuming without deciding that the transcript was inadmissible, we conclude nonetheless that Weaver's conviction may stand. When a defendant engages in a course of conduct designed to avoid notice of his trial date, the government is not required to prove the defendant's actual knowledge of that date. *United States v. Martinez,* 890 F.2d 1088, 1093 (10th Cir.1989); *United States v. Bright,* 541 F.2d 471, 475–77 (5th Cir.1976). The undisputed evidence in this case establishes that Weaver engaged in precisely such a course of conduct. Accordingly, admission of the transcript, which was offered only to establish Weaver's knowledge of the correct date for his trial, was harmless beyond a reasonable doubt.[2]

▮ The evidence of Weaver's action to avoid notice takes two forms. First, at his arraignment, Weaver was instructed, as a condition of his release, to contact his pre-trial services officer on January 22. Weaver

did not do this, and therefore did not learn of the date on which he had been scheduled to appear. This violation of the terms of his release, alone, obviated any need for the government to prove that Weaver had actual knowledge of the correct date. *See Martinez,* 890 F.2d at 1093 (10th Cir.1988) (government need not prove knowledge when defendant did not receive notice because he failed to inform the court of a change of address as required by the conditions of his release). The fact that the notice in this case would have arrived after the scheduled trial date is of no consequence. *See id.* at 1091–92.

Second, at his arraignment, Weaver was notified that his trial was set for February 19. If he had appeared on the 19th, he would have learned that the trial had been rescheduled for the 20th, and there now would be no question of adequate notice. However, Weaver conceded at oral argument that he failed to appear on the 19th. The only innocent explanation for this failure is his receipt of the letter from his pre-trial services officer, erroneously stating that the trial had been rescheduled for March 20. Yet Weaver failed to appear on March 20 also.

▮ Weaver's undisputed knowledge that he was to go to trial *sometime,* the undisputed evidence that he failed to appear on the actual date set for trial or any other date that Weaver plausibly could have believed was the correct trial date, and the undisputed evidence that Weaver failed to keep in regular contact with the pre-trial services office as required by his release, compels the conclusion that Weaver actively avoided learning of the correct trial date if in fact he was not aware of it. Therefore, the government was not required to prove that Weaver had notice of the correct date. The transcript was relevant only for that purpose. Accordingly, any

---

2. The proper standard for harmless error analysis of the erroneous admission of hearsay is unclear in this circuit. For example, in *United States v. Bibbero,* 749 F.2d 581, 584 (9th Cir. 1984), we held that the erroneous admission of hearsay always is constitutional error, and therefore a conviction must be overturned unless the error was harmless beyond a reasonable doubt. However, in *United States v. Webbe,* 755 F.2d

1387, 1389 (9th Cir.1985), we subjected the erroneous admission of hearsay to nonconstitutional harmless error analysis, and held that such error is harmless if the reviewing court can say "with fair assurance" that it did not affect the verdict.

We need not resolve this dispute here, as any error in this case was harmless under either standard.

error in its admission was harmless beyond a reasonable doubt.

AFFIRMED.