**NOT FOR PUBLICATION**

FILED

NOV 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10221 |
| Plaintiff / Appellee, | D.C. No. 2:15-CR-00191-JAM-1 |
| v. | |
| CESAR CABALLERO, | MEMORANDUM[*] |
| Defendant / Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted August 15, 2017
San Francisco, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and EZRA,[**]
District Judge.

On April 26, 2016, Cesar Caballero was convicted by a jury of failure to

surrender, in violation of 18 U.S.C. § 3146(a)(2). Caballero timely appealed on the

basis that the district court erred in failing to instruct the jury that an element of the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

charged offense is that the defendant "be released from custody under the Bail Reform Act." We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we **AFFIRM** Caballero's conviction.

We review the formulation or wording of jury instructions for abuse of discretion, but review *de novo* alleged misstatements of law. *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc) (citing cases). "The relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010) (internal quotations and citations omitted). But jury instructions, "even if imperfect, are not a basis for overturning a conviction absent a showing that they prejudiced the defendant." *United States v. Christensen*, 828 F.3d 763, 786 (9th Cir. 2016). Thus, the omission of an element from a jury instruction is subject to harmless error analysis. *United States v. Jimenez-Borja*, 378 F.3d 853, 858 (9th Cir. 2004) (citing *Neder v. United States*, 527 U.S. 1, 10 (1999)).

1.     Under either abuse of discretion review or *de novo* review, *see Peralta*, 744 F.3d at 1082, we find that the jury instructions as a whole were not misleading or inadequate to guide the jury's deliberation. *See Hofus*, 598 F.3d at 1174. In June 2015, Caballero was re-sentenced for mail obstruction convictions, and he was ordered to self-surrender on September 8, 2015. It is undisputed that Caballero

failed to self-surrender on September 8, and he was subsequently charged with one count of failure to surrender. Prior to trial, Caballero filed proposed jury instructions, requesting that the court add an element to Model Jury Instruction 8.195 that would require the jury to find that defendant was "released from custody under the Bail Reform Act" to be criminally liable for failure to surrender. The district court declined to add this element, finding that Caballero had been released as a matter of law and noting that the instruction contemplates only four elements.

Thus, the jury was instructed using Instruction 8.195 as written, which includes the following elements, none of which are disputed on appeal: (1) the defendant was sentenced to a term of imprisonment; (2) the defendant was ordered to surrender for service of the sentence on [date]; (3) the defendant knew of the order to surrender; and (4) the defendant intentionally failed to surrender as ordered. However, Caballero argues that, because the language in 18 U.S.C. § 3146(a) – that a defendant be released under the Bail Reform Act – is common to both § 3146(a)(1) failure to appear offenses *and* § 3146(a)(2) failure to surrender offenses, the jury should have been instructed that an element of failure to surrender is that defendant be "released from custody under the Bail Reform Act" since this element is explicitly an element of a failure to appear charge. *Compare* Ninth Circuit Committee on Model Criminal Jury Instructions, Manual of Model

Criminal Jury Instructions for the District Courts of the Ninth Circuit (2010 ed.), Instruction 8.194 (Failure to Appear), *with* Instruction 8.195 (Failure to Surrender); *see also Weaver v. United States*, 37 F.3d 1411, 1412–13 (9th Cir. 1994) (noting that, to establish failure to appear under § 3146, the government must prove, *inter alia*, that the defendant "was released pursuant to th[e] statute") (citing *United States v. McGill*, 604 F.2d 1252, 1254 (9th Cir. 1979)).

We disagree. The element of "release under the statute" is not necessary for § 3146(a)(2) offenses because, as this Court has previously noted, there is only one statutory authority under which a district judge can release a defendant from custody: the Bail Reform Act. *See United States v. Burns*, 667 F.2d 781, 783 (9th Cir. 1982) (stating that "there is no other statutory authority [other than the Bail Reform Act] for the release of convicted persons" in federal court). Here, the district court properly found that Caballero, as a matter of law, had been "released under the Bail Reform Act," and thus it was neither inadequate nor misleading to omit Caballero's requested additional element to the failure to surrender instruction. *See McGill*, 604 F.2d at 1254 (explaining that, although whether a defendant was released pursuant to the Bail Reform Act may involve both law and fact issues, "the authority by which a judge released a defendant and whether the court complied with statutory procedures are primarily questions of law").

The record shows that Caballero was issued a Notice to Appear on the original mail obstruction charges, which informed him of his arraignment on February 28, 2011. The Notice to Appear placed Caballero "in custody," which is why – when he was arraigned – the judge was tasked with deciding, under the Bail Reform Act, whether to place him on pre-trial release or detain him. *See United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) ("Release pending trial is governed by the [Bail Reform Act, which] mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." (internal citations omitted)). Here, the record shows that the arraignment judge, acting pursuant to the Bail Reform Act, "released" Caballero on his own recognizance, stating such release was subject to certain conditions and subject to consequences if Caballero failed to appear for his judicial proceedings.

We have previously stated that "'[i]t is the fact and timing of notice [of release], not its form, that matters.'" *United States v. Night*, 29 F.3d 479, 481 (9th Cir. 1994) (quoting *United States v. Feldhacker*, 849 F.2d 293, 299 (8th Cir. 1988)). Thus, contrary to Caballero's arguments on appeal, regardless of whether a written release order was issued pursuant to 18 U.S.C. § 3142(h), the record undisputedly demonstrates that Caballero was, at least orally, properly put on

notice at the arraignment of his release on his own recognizance under the Bail Reform Act. *See Burns*, 667 F.2d at 783 (affirming that the district court's "action in allowing [the defendant] to leave on the same terms as under the summons and to return on the date set by the court, was a release on personal recognizance under the [Bail Reform Act]," even if the terms of such release "were less well defined than they could have been"). Further, the record shows that Caballero was clearly "released" under the Bail Reform Act for the entire pendency of his judicial proceedings, from the time of his initial arraignment on the mail obstruction charges, through his appeal of those convictions and his re-sentencing, and up until his self-surrender date, regardless of whether he was or was not "re-released" at his various appearances. *See McGill*, 604 F.2d at 1255 (rejecting defendant's argument that his release was not pursuant to the Bail Reform Act because "the court did not repeatedly tell him he was continued on bond and did not amend the original order of release each time").

In fact, the record shows that, where Caballero requested several extensions of the self-surrender date after his re-sentencing, Caballero explicitly and implicitly indicated that these requests were made pursuant to the provisions of the Bail Reform Act. Accordingly, we find it is undisputed both that Caballero was released pursuant to the Bail Reform Act, and that Caballero understood he was so

"released." For these reasons, reviewing the failure to surrender instruction under either an abuse of discretion standard or *de novo* review, it was not misleading or inadequate for the district judge to (1) find that Caballero had been "released under the Bail Reform Act" as a matter of law, and thus, (2) exclude this element from the instruction. The failure to surrender instruction provided to the jury here "fairly and adequately cover[ed] the issues presented [and] correctly state[d] the law." *See Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005) (internal quotations and citation omitted).

**2.** Even if it was error to instruct the jury using Instruction 8.195 without the element that the defendant "be released under the Bail Reform Act," the error was harmless and not prejudicial to Caballero. *See Jimenez-Borja*, 378 F.3d at 858 (citing *Neder*, 527 U.S. at 10). Harmless error occurs where, upon reviewing the entire record, a court can "conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error." *Neder*, 527 U.S. at 19. Here, because it is undisputed on appeal that (1) Caballero was re-sentenced to a term of imprisonment, (2) Caballero was ordered to surrender for service of his new sentence on September 8, 2015, (3) Caballero knew of the order to surrender, and (4) Caballero intentionally failed to surrender as ordered on September 8, we can conclude beyond a reasonable doubt that the jury's verdict would have been the

same, even if the element that Caballero was "released under the Bail Reform Act" had been included. *See id.*

Further, we have previously stated that, "in most cases, the question whether a release was pursuant to the [Bail Reform Act] will be one on which the trial judge should instruct the jury as a matter of law." *McGill*, 604 F.2d at 1254. The *McGill* case dealt with a failure to appear jury instruction. There, we held that there was no reversible error in instructing the jury as a matter of law that the defendant had been released because, "[a]lthough technically the trial judge might have segregated the factual and legal underpinnings of this element, and permitted the jury to consider the question . . . there was no evidence or legal theory that could exculpate [the defendant] on the factual components of the first element." *Id.* Thus, for similar reasons, we find here too that it was harmless error to not instruct the jury that "release under the Bail Reform Act" was an element of failure to surrender because there is no evidence or legal theory on the record that could exculpate Caballero on the issue of "release."

**AFFIRMED.**

*United States v. Caballero*, No. 16-10221

   O'SCANNLAIN, Circuit Judge, concurring:

I join in Part 2 of the court's memorandum and in the judgment. I cannot join Part 1, which concludes that, in a criminal prosecution for violation of 18 U.S.C. § 3146(a)(2), the jury need not be instructed to find that the defendant was released from custody under the Bail Reform Act.

A defendant cannot be convicted under § 3146(a)(1) (failure to appear) or § 3146(a)(2) (failure to surrender) unless he was "released under" the Bail Reform Act. *Id.* § 3146(a). We have held that the government must indeed prove such element in a § 3146(a)(1) prosecution. *See United States v. Weaver*, 37 F.3d 1411, 1412–13 (9th Cir. 1994). The court's memorandum concludes, however, that such element "is not necessary for § 3146(a)(2) offenses because . . . there is only one statutory authority under which a district judge can release a defendant from custody: the Bail Reform Act." Mem. at 4 (citing *United States v. Burns*, 667 F.2d 781, 783 (9th Cir. 1982)). That may be true. But there remain other ways that a defendant prosecuted for failure to surrender might have been free of the court's custody *without* having been formally released by the court at all. For example, as *Burns* itself suggested, the defendant might have absconded from custody and become a fugitive prior to the order compelling him to surrender at the specified date. *See Burns*, 667 F.2d at 782; *United States v. Castaldo*, 636 F.2d 1169, 1171

(9th Cir. 1980).  Or the defendant might never have been taken into custody in the first place.  *See United States v. Bodiford*, 753 F,2d 380, 382 (5th Cir. 1982).  A defendant in either scenario would not fall within the parameters of § 3146.  *See Bodiford*, 753 F.2d at 382; *Burns*, 667 F.2d at 782.

Admittedly, these scenarios seem rare.  But that fact, and the fact that the Bail Reform Act is the only authority under which the court may release a defendant, simply suggests that it may be rather easy to prove that the defendant indeed was released under the Bail Reform Act.  Namely, where the government proves that the defendant was taken into the court's custody and then was released formally by the court, this element will presumably be satisfied.  But this does not mean the element will *always* be satisfied; there remain ways that a defendant prosecuted for failure to surrender under § 3146(a)(2) could fall outside the scope of that law.  Thus, as with § 3146(a)(1) prosecutions, we should not relieve the government of its burden to prove this element in a § 3146(a)(2) case.  I cannot join the memorandum's conclusion otherwise.

Nevertheless, I do agree that the failure to require the jury instruction in this case was harmless, because the record clearly demonstrates that Caballero *was* formally released from the court's custody under the Bail Reform Act.

I therefore concur in the judgment.

***U.S. v. Caballero,*** **Case No. 16-10221**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.

FILED

NOV 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS