O’SCANNLAIN, Circuit Judge, concurring: I join in Part 2 of the court’s memorandum and in the judgment. I cannot join Part 1, which concludes that, in a criminal prosecution for violation of 18 U.S.C. § 3146(a)(2), the jury need not be instructed to find that the defendant was released from custody under the Bail Reform Act. A defendant cannot be convicted under § 3146(a)(1) (failure to appear) or § 3146(a)(2) (failure to surrender) unless he was “released under” the Bail Reform Act. Id. § 3146(a). We have held that the government must indeed prove such element in a § 3146(a)(1) prosecution. See Weaver v. United States, 37 F.3d 1411, 1412-13 (9th Cir. 1994). The court’s memorandum concludes, however, that such element “is not necessary for § 3146(a)(2) offenses because ... there is only one statutory authority under which a district judge can release-a defendant from custody: the Bail Reform Act.” Mem. at 4 (citing United States v. Burns, 667 F.2d 781, 783 (9th Cir. 1982)). That may be true. But there remain other ways that a defendant prosecuted for failure to surrender might have been free of the court’s custody 'utithout having been formally released by the court at all. For example, as Burns itself suggested, the defendant might have absconded from custody and become a fugitive prior to the order compelling him to surrender at the specified date. See Burns, 667 F.2d at 782; United States v. Castaldo, 636 F.2d 1169, 1171 (9th Cir. 1980). Or the defendant might never have been taken into custody in the first place. See United States v. Bodiford, 753 F.2d 380, 382 (5th Cir. 1985). A defendant in either scenario would not fall within the parameters of § 3146. See Bodiford, 753 F.2d at 382; Burns, 667 F.2d at 782. Admittedly, these scenarios seem rare. But that fact, and the fact that the Bail Reform Act is the only authority under which the court may release a defendant, simply suggests that it may be rather easy to prove that the defendant indeed was released under the Bail Reform Act. Namely, where the government proves that the defendant was taken into the court’s custody and then was released formally by the court, this element will presumably be satisfied. But this does not mean the element will always be satisfied; there remain ways that a defendant prosecuted for failure to surrender under § 3146(a)(2) could fall outside the scope of that law. Thus, as with § 3146(a)(1) prosecutions, we should not relieve the government of its burden to prove this element in a § 3146(a)(2) case. I cannot join the memorandum’s conclusion otherwise. Nevertheless, I do agree that the failure to require the jury instruction in this case was harmless, because the record clearly demonstrates that Caballero was formally released from the court’s custody under the Bail Reform Act. I therefore concur in the judgment.