953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen HECKARD, Defendant-Appellant.
 No. 90-30250.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1991.*
Decided Jan. 28, 1992.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Allen R. Heckard appeals his conviction of one count of bail jumping in violation of 18 U.S.C. § 3146(a)(1).[1] Heckard claims the evidence was insufficient to show beyond a reasonable doubt that his failure to appear at his sentencing hearing was willful. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 STANDARD OF REVIEW
 
 3
 In determining whether evidence is sufficient to support a conviction, we view the evidence in the light most favorable to the government to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 DISCUSSION
 
 4
 To support a conviction for bail jumping, the government must prove that the defendant: (1) was released on bail, (2) was required to appear in court, (3) was aware of his required appearance, (4) failed to appear as required, and (5) his failure to appear was willful. United States v. McGill, 604 F.2d 1252, 1254 (9th Cir.1979), cert. denied, 444 U.S. 1035 (1980). Only the "wilfulness" requirement is disputed here.
 
 
 5
 Wilfulness denotes an act "committed voluntarily and with the purpose of violating the law, and not by mistake, accident or in good faith." United States v. Wells, 766 F.2d 12, 20 (1st Cir.1985) (quoting United States v. Bourassa, 411 F.2d 69, 74 (10th Cir.), cert. denied, 396 U.S. 915 (1969).
 
 
 6
 After his conviction for bank fraud, Heckard stopped all communication with his probation officer.[2] He also changed his telephone number three times. Each time he specifically requested an unlisted number. Heckard never reported these changes to his probation officer as required under his release agreement.
 
 
 7
 When he was finally apprehended, Heckard resisted arrest and lied to the police about his identity. At trial, he admitted that he had known for almost three weeks prior to his arrest that he needed to turn himself in to the authorities.
 
 
 8
 Viewing the evidence in the light most favorable to the government, we conclude that a reasonable trier of fact could have found beyond a reasonable doubt that Heckard willfully failed to appear at his sentencing hearing in violation of 18 U.S.C. § 3146(a)(1).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This section states, in relevant part:
 A person commits an offense if, after having been released pursuant to this chapter... he knowingly fails to appear before a court as required by the conditions of his release....
 
 
 [2]
 Immediately after his conviction, Heckard spoke briefly with his probation officer in order to arrange a presentencing interview. Heckard promised to call the Probation Department to confirm his interview appointment, but failed to do so. In fact, he had no more contact with his probation officer or any other government authorities until he was arrested on February 20, 1990