981 F.2d 397
 Luis MATA, Petitioner-Appellant,
v.
James G. RICKETTS, Attorney General of the State of Arizona;
Samuel Lewis, Director ADOC; Lloyd Bramlett,
Warden, ASPC-F; John Avenenti, Deputy
Warden, ASU, Respondents-Appellees.
 No. 87-1731.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submission Deferred June 16, 1988.
Resubmitted Without Further Argument Feb. 1, 1991*.
Decided July 1, 1991.
As Amended on Denial of Rehearing and Rehearing En Banc Nov. 27, 1992.
 
 Baron L. Miller, Miller & Miller, San Francisco, CA, for petitioner-appellant.
 Jack Roberts, Asst. Atty. Gen., Phoenix, AZ, for respondents-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before CHOY, GOODWIN, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The opinion filed July 1, 1991, slip op. 8025, and appearing at 937 F.2d 467 (9th Cir.1991) is amended as follows:
 
 
 2
 At slip op. page 8030, paragraph ; 937 F.2d 469, last full paragraph of left column, delete and replace with the following:
 
 
 3
 Luis argues that the Arizona courts committed various errors with regard to sentencing. He argues that in determining whether the "heinous, cruel, and depraved" aggravating circumstance existed in his case, the Arizona courts employed an unconstitutionally vague narrowing construction. Luis' claim has been foreclosed by Walton v. Arizona, [497 U.S. 639] 110 S.Ct. 3047 [111 L.Ed.2d 511] (1990) and Richmond v. Lewis, 948 F.2d 1473 (9th Cir.1991).
 
 
 4
 Luis also argues that the Arizona courts failed to find the aggravating circumstances in his case beyond a reasonable doubt. Upon conducting an independent review of his sentencing, the Arizona Supreme Court concluded that "the trial court was correct in finding the presence of two aggravating circumstances." State v. Mata, 125 Ariz. 233, 242, 609 P.2d 48, 57 (1980). We interpret this conclusion to mean that the Arizona court found the aggravating circumstances beyond a reasonable doubt. Clark v. Ricketts, 942 F.2d 567, 575-76 (9th Cir.1991).
 
 
 5
 Luis' final sentencing claim concerns the trial court's treatment of the mitigating circumstances in his case. Upon reviewing the record, we conclude that the trial court considered all of Luis' mitigating evidence and found the evidence not substantial enough to warrant leniency.[1] We will not disturb that finding.[2]
 
 
 6
 With the opinion thus amended, the majority of panel as constituted in the above case has voted to deny the petition for rehearing and recommends rejection of the suggestion for rehearing en banc. Judge Norris would grant the petition for rehearing and accept the suggestion for rehearing en banc.
 
 
 7
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35(b).
 
 
 8
 The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.
 
 
 9
 The amicus' motion to file brief in support of motion to stay proceedings and remand is GRANTED.
 
 
 10
 The motion to stay proceedings and remand to the district court is DENIED.
 
 
 11
 WILLIAM A. NORRIS, Circuit Justice, dissenting:
 
 
 12
 Our court has in the past encouraged district courts to take affirmative steps to assure that all claims, exhausted and unexhausted, are uncovered and presented in the first habeas petition. See Neuschafer v. Whitley, 860 F.2d 1470, 1482 (9th Cir.1988) (Alarcon, J., concurring). We have recognized that the importance of presenting all claims in the first petition is even greater since McCleskey v. Zant, --- U.S. ----, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (successive petitions require cause and prejudice). See Brown v. Vasquez, 952 F.2d 1164, 1166-67 (9th Cir.1991). I dissent from the order denying the petition for rehearing and rejecting the suggestion of rehearing en banc because I believe Mata's habeas petition should be remanded to the district court to give Mata an opportunity before he is executed to exhaust all his constitutional claims in the Arizona state courts before we rule on the merits of his first habeas petition.
 
 
 13
 The Arizona Capital Representation Project ("ACRP") has filed a "Memorandum of Amicus Curiae in Support of Petitioner's Motion to Stay Proceedings on Petition for Rehearing and Remand to District Court," In it, ACRP raised two claims of constitutional error in his capital sentencing proceedings which had not previously been raised by Mata's counsel: (1) a Confrontation Clause claim based upon Mata's absence from his codefendant's portion of the sentencing hearing and (2) an ineffective assistance of counsel claim based upon his counsel's failure to develop and present mitigating evidence. Because these claims have yet to be exhausted in Arizona state courts, we cannot hear them. But we can remand to the district court to give Mata an opportunity to file a motion for leave to amend his petition to include the new claims, which, if granted, would result in a dismissal of his petition without prejudice. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (a petition for habeas corpus raising both exhausted and unexhausted claims must be dismissed without prejudice).
 
 
 14
 It lies within our discretion to so remand to the district court even though the new constitutional claims were not raised in the district court and not raised here in Mata's opening brief. See, e.g., United States v. Ullah, 976 F.2d 509, 513-514 (9th Cir.1992) (purely legal issues on which the record has been fully developed can be raised for the first time on appeal; issues not presented in appellant's opening brief may be reviewed if no prejudice to appellee results). I believe we should exercise that discretion in this capital case rather than denying the petition in its present unamended form and forcing Mata to file a second petition raising the new claims and face the roadblocks that McCleskey v. Zant has placed in the path of successive petitions.
 
 OPINION
 PER CURIAM:
 
 15
 Luis Morine Mata appeals the denial of his petition for a writ of habeas corpus following his conviction and exhaustion of state remedies in this capital murder case from Arizona. See State v. Mata, 125 Ariz. 233, 609 P.2d 48, cert. denied, 449 U.S. 938, 101 S.Ct. 338, 66 L.Ed.2d 161 (1980).
 
 
 16
 The principal question before us is whether a new Supreme Court decision announced after the exhaustion of state remedies and after the conclusion of proceedings before the district court creates a right to federal constitutional relief.
 
 
 17
 During the trial, Mata's brother, Alonzo, was Luis' codefendant. Both exercised their constitutional right not to testify. Alonzo and Luis had both confessed to raping and murdering the decedent and dumping her body in the desert outside Tucson. Alonzo's version of the confession placed the fatal knife in the hands of Luis, who then admitted in his confession that he had indeed cut the throat of the victim. Because Alonzo did not choose to testify, the state offered both Luis' and Alonzo's confessions into evidence against both defendants. Luis likewise declined to testify and both were convicted and sentenced to death.
 
 
 18
 Following a remand for resentencing under State v. Watson 120 Ariz. 441, 586 P.2d 1253 (1978), Alonzo received a life sentence and Luis was again sentenced to death. Alonzo is not before us in this appeal. While Luis apparently never raised in earlier proceedings the question of the admissibility against him of his brother's confession, Luis now contends that under the rule of Cruz v. New York, 481 U.S. 186, 193-94, 107 S.Ct. 1714, 1719-20, 95 L.Ed.2d 162 (1987), he is entitled to a new trial.
 
 
 19
 The state, conceding that Cruz now bars the use of a nontestifying codefendant's confession incriminating the defendant in future trials, argues that good reasons counsel against employing Cruz to reopen old cases, particularly those in which the codefendant's incriminating confession added little or nothing to the state's overwhelming evidence of the guilt of the defendant.
 
 
 20
 The state argues that Alonzo's confession told the jury nothing it did not already know; that the evidence was harmless beyond a reasonable doubt; that the evidence was lawfully received when the case was tried (citing Parker v. Randolph, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979); and that new constitutional rules of criminal procedure generally should not be applied retroactively to cases on collateral review. Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).
 
 
 21
 In this case we need not discuss the application of Teague because any error in using the codefendant's confession was harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969) (holding that the admission of statements of two nontestifying codefendants against Harrington was harmless error). In United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983), the Supreme Court described the harmless error test in the following fashion:
 
 
 22
 Since Chapman, [v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) ] the Court has consistently made clear that it is the duty of a reviewing court to consider the trial record as a whole and to ignore errors that are harmless, including most constitutional violations.
 
 
 23
 ....
 
 
 24
 The question a reviewing court must ask is this; absent [the allegedly improper evidence] is it clear beyond a reasonable doubt that the jury would have returned a verdict of guilty?Id. 461 U.S. at 509-11, 103 S.Ct. at 1980-81. There is no doubt that petitioner would have been convicted by his own confession plus the abundant corroboration of George Castro, Antonio Sanez, and Arnold Chance.
 
 
 25
 The confession of Alonzo merely seconded the confession of Luis and was cumulative evidence with reference to the material facts of the murder. The use of Alonzo's confession in the joint trial did not then offend the Sixth Amendment and did not infect the fact finding process.
 
 
 26
 At most, a speculative argument might be advanced to the effect that the trial judge at the time of the resentencing of Luis could have been slightly less inclined to sentence him to death if the only evidence placing the knife in Luis's hand had been his own confession. However, his confession was clear and unequivocal.
 
 
 27
 Luis' challenge to the voluntariness of his confession presents no grounds to overturn the district court's careful review of the state court record and the findings at every level that his confession was voluntary.
 
 
 28
 Luis argues that the Arizona courts committed various errors with regard to sentencing. He argues that in determining whether the "heinous, cruel, and depraved" aggravating circumstance existed in his case, the Arizona courts employed an unconstitutionally vague narrowing construction. Luis' claim has been foreclosed by Walton v. Arizona, 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990) and Richmond v. Lewis, 948 F.2d 1473 (9th Cir.1991).
 
 
 29
 Luis also argues that the Arizona courts failed to find the aggravating circumstances in his case beyond a reasonable doubt. Upon conducting an independent review of his sentencing, the Arizona Supreme Court concluded that "the trial court was correct in finding the presence of two aggravating circumstances." State v. Mata, 125 Ariz. 233, 242, 609 P.2d 48, 57 (1980). We interpret this conclusion to mean that the Arizona court found the aggravating circumstances beyond a reasonable doubt. Clark v. Ricketts, 942 F.2d 567, 575-76 (9th Cir.1991).
 
 
 30
 Luis' final sentencing claim concerns the trial court's treatment of the mitigating circumstances in his case. Upon reviewing the record, we conclude that the trial court considered all of Luis' mitigating evidence and found the evidence not substantial enough to warrant leniency.[1] We will not disturb that finding.[2]
 
 
 31
 Likewise, Luis' complaints that his defense counsel did not adequately defend him presents no factual basis for overturning the decision of the district court. His complaints about various evidentiary rulings do not raise federal constitutional questions.
 
 
 32
 AFFIRMED.
 
 
 
 *
 Submission of this appeal has been deferred pending the decision on the constitutionality of the Arizona death penalty, by another panel of this court. See Adamson v. Ricketts, 865 F.2d 1011 (9th Cir.1988) (en banc), cert. denied, Lewis v. Adamson, 497 U.S. 1031, 110 S.Ct. 3287, 111 L.Ed.2d 795 (1990). This case was resubmitted February 1, 1991, when it was determined that the remaining questions still pending in Adamson do not appear to be controlling in this case
 
 
 [1]
 After considering and rejecting sixteen specific mitigating factors, and finding no other mitigating circumstances under the "catchall" category, the sentencing judge concluded that "no mitigating circumstances exist." Supplementary Special Verdict as to Luis Morine Mata, Dec. 8, 1978
 
 
 [2]
 On Luis' petition for rehearing in this case, amicus curiae for Luis have raised a number of new sentencing claims. Amicus concedes that these claims are unexhausted and asks us to remand to the district court so that Mata can amend his original petition and then exhaust his new claims upon dismissal. Remand is appropriate, amicus argues, because otherwise Mata would have to meet the procedural hurdles of McClesky v. Zant, --- U.S. ----, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) in a subsequent petition even though McClesky was decided after Mata filed his original petition. This argument is without merit. We have previously held that McClesky applies retroactively, Harris v. Vasquez, 943 F.2d 930, 945-46 (9th Cir.1990), and there is no reason to treat Mata's new claims differently
 
 
 [1]
 After considering and rejecting sixteen specific mitigating factors, and finding no other mitigating circumstances under the "catchall" category, the sentencing judge concluded that "no mitigating circumstances exist." Supplementary Special Verdict as to Luis Morine Mata, Dec. 8, 1978
 
 
 [2]
 On Luis' petition for rehearing in this case, amicus curiae for Luis have raised a number of new sentencing claims. Amicus concedes that these claims are unexhausted and asks us to remand to the district court so that Mata can amend his original petition and then exhaust his new claims upon dismissal. Remand is appropriate, amicus argues, because otherwise Mata would have to meet the procedural hurdles of McClesky v. Zant, --- U.S. ----, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) in a subsequent petition even though McClesky was decided after Mata filed his original petition. This argument is without merit. We have previously held that McClesky applies retroactively, Harris v. Vasquez, 943 F.2d 930, 945-46 (9th Cir.1990), and there is no reason to treat Mata's new claims differently