97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Randy A. MYERS, Petitioner-Appellant,
v.
James H. GOMEZ, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-55826.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 25, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner Randy A. Myers appeals pro se the district court's dismissal with prejudice of his 28 U.S.C. § 2254 habeas petition. Myers contends that the district court abused its discretion by dismissing his petition as an abuse of the writ pursuant to McCleskey v. Zant, 499 U.S. 467 (1991). We have jurisdiction under 28 U.S.C. § 2253. We review for an abuse of discretion the district court's dismissal of Myers's petition, see Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994), and affirm.[1]
 
 
 3
 Myers contends that because he filed his initial petition prior to McCleskey and because then-existing precedent permitted new petitions containing claims that were not previously raised, the district court abused its discretion by dismissing his second section 2254 petition as an abuse of the writ.
 
 
 4
 A petitioner must show cause for failing to previously raise new claims, and prejudice resulting from the errors he now alleges. See McCleskey, 499 U.S. at 494. The cause standard requires a showing that an objective, external impediment prevented the petitioner from constructing or raising his claim. See id. at 493-94. If a petitioner cannot show cause and prejudice, a court may still excuse his failure to raise his claims in an earlier petition if dismissal of the claim would result in a fundamental miscarriage of justice; that is, if the petitioner is actually innocent of the crime for which he was convicted. See id. at 494-95.
 
 
 5
 Here, Myers has failed to establish the requisite cause for this court to examine his newly-presented claims. Myers offers as "cause" his reliance on pre-McCleskey law; however, we have previously held that the standards articulated in McCleskey apply retroactively. See Campbell, 997 F.2d at 520 n. 5; Mata v. Ricketts, 981 F.2d 397, 401 n. 2 (9th Cir.1991) (per curiam), cert. denied, 115 S.Ct. 436 (1994). Therefore, reliance on precedent established before McCleskey does not constitute cause for failure to raise claims in a previous petition. See Campbell, 997 F.2d at 520 n. 5. Additionally, there is no indication that Myers is innocent of the crime for which he was convicted, therefore, dismissal of his claim will not result in a miscarriage of justice. See McCleskey, 499 U.S. at 494-95.
 
 
 6
 Accordingly, the district court did not abuse its discretion by dismissing Myers's section 2254 petition. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's dismissal of Myers's petition under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal