103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernie R. SANDERS, Defendant-Appellant.
 No. 95-17408.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 7, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Ernie R. Sanders appeals pro se the district court's dismissal of his second 28 U.S.C. § 2255 motion. He contends the district court erred when it dismissed his motion as an abuse of the writ. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review for abuse of discretion, see Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1993), and affirm.
 
 
 3
 Sanders' first section 2255 motion was filed and denied before the Supreme Court decided McCleskey v. Zant, 499 U.S. 467 (1991). Sanders contends that application of McCleskey to his second section 2255 motion is retroactive and therefore violates due process and the Ex Post Facto Clause. We rejected a similar argument in Mata v. Ricketts, 981 F.2d 397, 401 n. 2 (9th Cir.1991) (per curiam).
 
 
 4
 Sanders insists that his claims are based on newly discovered evidence and therefore not barred by McCleskey. We disagree. The claims Sanders raises now--that the government breached the plea agreement and counsel was ineffective based on a conflict of interest--could have been raised in his first section 2255 motion. See McCleskey, 499 U.S. at 497-98 (that petitioner "did not possess, or could not reasonably have obtained, certain evidence fails to establish cause if other known or discoverable evidence could have supported the claim").
 
 
 5
 Sanders's pro se status does not constitute cause for his failure to assert the claims he raises now in his first section 2255 motion. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 908 (9th Cir.1986); see also Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988).
 
 
 6
 Sanders cites United States v. Olano, 507 U.S. 725, 736 (1993) for the proposition that McCleskey 's miscarriage of justice exception includes not just claims of actual innocence but also claims of error which implicate the fundamental integrity of judicial proceedings. Sanders mischaracterizes Olano. Olano addresses the standard to be applied on direct appeal when no objection has been made below; Olano has no application to cases on collateral review. The district court properly rejected Sanders' second section 2255 motion as an abuse of the writ. See McCleskey, 499 U.S. at 493-94.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3