116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Raul AMEZCUA, Defendant-Appellant.
 No. 94-10572.
 United States Court of Appeals, Ninth Circuit.
 June 24, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR F-93-5046 MDC; Myron D. Crocker, District Judge, Presiding.
 Before: NORRIS, KOZINSKI and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Raul Amezcua appeals his conviction by a jury for: (i) conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; (ii) manufacturing and aiding in the manufacture of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and (iii) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He also appeals the calculation of his sentence under the Sentencing Guidelines' formula for D-methamphetamine, rather than L-methamphetamine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Because the parties are familiar with the facts and proceedings, we recite them only as necessary to understand our disposition. We address each of Amezcua's contentions, in turn.
 
 I. Hearsay Statements
 
 4
 Amezcua asserts that the district court erred by allowing government agent Moises Rodriguez to testify at trial about statements made by Amezcua's co-conspirator, Abraham Betancourt. We review for clear error the district court's determination that statements were made in the course and in furtherance of a conspiracy. United States v. Gil, 58 F.3d 1414, 1419 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995).
 
 
 5
 Betancourt's statements were made after he had been arrested. Therefore they were not made in furtherance of the conspiracy and were inadmissible hearsay. United States v. Arambula-Ruiz, 987 F.2d 599, 605 n. 1 (9th Cir.1993); United States v. Marques, 600 F.2d 742, 750 n. 4. (9th Cir.1979). Thus, the district court committed clear error in allowing Rodriquez to testify about Betancourt's statements. After review of the record, however, we find that the error was harmless beyond a reasonable doubt.[1]
 
 
 6
 The untainted evidence against Amezcua was overwhelming. See Harrington v. California, 395 U.S. 259 (1969) (overwhelming evidence makes incriminating confession of co-conspirator harmless); Mata v. Ricketts, 981 F.2d 397, 401-02 (9th Cir.1992) (same). Among other things, the government introduced tape-recorded conversations of Amezcua, his girlfriend, and his brother discussing the purchase, sale, and transportation of methamphetamine with confidential government informants. Amezcua argues that the hearsay statements helped prove both that he was involved in the process of manufacturing methamphetamine and that he played a central role at a methamphetamine laboratory in Woodlake, California. However, the government offered substantial untainted evidence on both of these subjects. The error was harmless.[2]
 
 II. Evidence of Drug Activity
 
 7
 Amezcua next argues that the district court erred in allowing the jury to hear evidence of activity at a methamphetamine laboratory in Selma, California. We review the admission of evidence for abuse of discretion. United States v. Katerman, 60 F.3d 576, 579 (9th Cir.1995); United States v. Emmert, 829 F.2d 805, 809 (9th Cir.1987).
 
 
 8
 Amezcua asserts that the district court abused its discretion because there was an insufficient connection between him and the Selma laboratory. The record does not support this contention. In fact, there was ample evidence of a connection between Amezcua and the Selma laboratory. First, there were repeated telephone contacts between Amezcua and the Selma laboratory. The evidence also showed that Amezcua had requested confidential informant Fermin Garcia to purchase two vacuum pumps for him in May, 1992. Vacuum pumps are used to manufacture methamphetamine, and the two pumps purchased for Amezcua in May, 1992 (as identified by their serial numbers) were found at the Selma laboratory. The district court did not abuse its discretion.[3]
 
 III. Sentencing
 
 9
 Finally, Amezcua asserts that the district court erred by sentencing him under the Sentencing Guidelines' formula for D-methamphetamine rather than the formula for L-methamphetamine that was also part of the Guidelines at the time. D-methamphetamine is treated far more severely than its less potent isomer, L-methamphetamine. See United States v. Dudden, 65 F.3d 1461, 1470 (9th Cir.1995); United States v. Bogusz, 43 F.3d 82, 89 (3rd Cir.1994), cert. denied, 115 S.Ct. 1812 (1995). At Amezcua's sentencing the government offered no evidence regarding the form of methamphetamine involved in the case. However, Amezcua did not object either to the PSR or to his sentence on this ground in the district court. He therefore conceded at oral argument, as he must, that the sentencing issue, if reviewable at all, is reviewed only for plain error. See Fed.R.Crim.P. 52(b).
 
 
 10
 We recently held that when no objection is made, "the district court did not commit plain error in sentencing ... defendants on the basis of the general guideline calculation for 'methamphetamine' without classifing the charged substance as D-methamphetamine or L-methamphetamine." United States v. Scrivner, No. 95-30227, 1997 WL 307234 at * 1 (9th Cir. Jun. 10, 1997) (footnote omitted). The failure to make the factual, L-versus D-meth, finding is not error under the first prong of the three-pronged analysis of United States v. Olano, 507 U.S. 725, 732 (1993). Scrivner, 1997 WL 307234 at * 6 ("there was [no] error in the first place"). Even if this failure to make a sua sponte finding can be classified as error, it was not "plain" or "obvious." Id. at * 6-* 7. Scrivner is controlling on this issue. The trial court did not commit plain error at sentencing.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As the evidence meets the more exacting standard of harmless error review, we need not address the government's contention that we should review only for plain error because Amezcua failed to preserve the error with a contemporaneous objection. Similarly, we need not resolve whether the government is required to prove harmlessness beyond a reasonable doubt or merely by a preponderance of the evidence. See Weaver v. United States, 37 F.3d 1411, 1413 n. 2 (9th Cir.1994) (noting conflict in circuit over use of the two standards)
 
 
 [2]
 We note that contrary to the assertions in its brief, the government did refer to Betancourt's hearsay statements in its closing argument. See Rptr. Tr., vol. 11, p. 1840 (Oct. 6, 1993). Despite our dismay at this misstatement, it does not alter our conclusion on this issue
 
 
 [3]
 Given our resolution of this issue, we need not address the government's argument that Amezcua's connection to the Selma laboratory was previously established as the law of the case in a prior appeal by Amezcua's co-conspirators