107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold H. UCHIMURA, Defendant-Appellant.
 No. 94-10579.
 United States Court of Appeals, Ninth Circuit.
 Argued Jan. 9, 1996.
Submission Deferred April 4, 1996.
Submitted Sept. 11, 1996.
Decided Feb. 25, 1997.
 
 Before: SCHROEDER and TROTT, Circuit Judges, and REED,* District Judge.
 MEMORANDUM**
 Appellant Harold H. Uchimura ("Uchimura") appeals his conviction and sentence for counts related to conspiracy, distribution of drugs, and structuring currency transactions. We affirm in all respects. Uchimura also appeals his conviction on Count 8 for filing a materially false tax return, which we reverse in a separate published opinion.
 FACTS AND PROCEEDINGS BELOW
 Until his retirement in 1991, Appellant was a police officer with the Honolulu Police Department ("HPD"). From 1983 to 1991, he worked in the Narcotics Vice Division, where he encountered (through their arrest) two drug dealers, Ray Batungbacal ("Batungbacal") and David Walter ("Walter"). Beginning in 1988, Uchimura went into the drug dealing business, selling cocaine and crystal methamphetamine with Batungbacal and Walter.
 Appellant was also a gambler, and at one point had sustained gambling losses of approximately $115,500. In 1990, having borrowed $160,000 from various persons to cover these losses, he repaid some of his debts with cashier's checks purchased from First Hawaiian Bank. These purchases were structured so as to avoid currency transaction reporting requirements. In addition, based on his expenditures, the IRS calculated Uchimura's true 1990 joint taxable income as $136,163, instead of the $32,416 he had reported.
 Uchimura was charged in an eight-count indictment with: 1) conspiring with Batungbacal to distribute cocaine and crystal methamphetamine (count 1); 2) attempting to possess with intent to distribute 500 grams of cocaine (count 2); 3) being an accessory after the fact to Batungbacal's possession with intent to distribute cocaine (count 3); 4) willfully structuring currency transactions to evade the reporting requirements (counts 4 and 5); 5) possession with intent to distribute crystal methamphetamine (counts 6 and 7); and 6) filing a materially false tax return (count 8). On June 9, 1994, the jury found him guilty on all counts except count 6. He was sentenced on November 28, 1994, to 151 months for counts 1, 2, 3, and 7, with concurrent terms of 120 months for counts 4 and 5 and 36 months for count 8. The sentencing court also imposed five years of supervised release for counts 1, 2, and 7, and concurrent lesser terms of supervised release on the remaining counts. Uchimura timely appealed.
 DISCUSSION
 I. Currency Structuring--Instruction 21
 Uchimura argues that jury instruction 21, which stated the elements of counts 4 and 5, was erroneous in several respects. Because he did not object to this instruction at the time of trial, we review for plain error, a highly prejudicial error affecting substantial rights. U.S. v. Payne, 944 F.2d 1458, 1463 (9th Cir.1991), cert. denied, 503 U.S. 975 (1992).
 Uchimura's argument fails. Under Ratzlaf v. U.S., 114 S.Ct. 655 (1994), the government must prove that a defendant knew the structuring he undertook was unlawful, and the fourth element of instruction 21 so charged the jury. Moreover, the fourth element did not conflict with the definition of "knowingly" elsewhere in the instructions, so no Stein error occurred. U.S. v. Stein, 37 F.3d 1411 (9th Cir.1994). The instruction correctly stated that if the jury found the five elements of the structuring counts beyond a reasonable doubt, they "should find the defendant guilty" as charged. Such an instruction in no sense creates a mandatory presumption. Finally, although Uchimura was indicted as "assist[ing] in structuring" currency transactions, and the district court did not instruct on the essential elements of "assisting" under 18 U.S.C. § 2, the evidence at trial clearly demonstrated that Uchimura structured the transactions himself and was not a mere assistant; the failure to instruct on 18 U.S.C. § 2 was therefore not a "highly prejudicial error affecting substantial rights." Payne, 944 F.2d at 1463. Instruction 21 was thus not plainly erroneous.
 II. Insufficiency of the Evidence
 Appellant waived his claim of insufficiency of the evidence as to count 1 by failing to present it in his opening brief; we therefore do not address it. Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir.1992).
 III. Ineffective Assistance of Counsel
 Appellant argues that his trial counsel was ineffective for failing to object to jury instruction 21. Because the record enables us to adequately assess (on direct appeal) Uchimura's claim of ineffective assistance of counsel, we have done so and conclude that the claim is without merit. See U.S. v. Quintero-Barrazza, 57 F.3d 836, 839 (9th Cir.1995).
 Instruction 21 was a correct statement of the law, so Appellant could not have been prejudiced by any failure to object. He therefore fails the "prejudice" prong of the ineffective assistance of counsel test. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). Appellant's further argument, that his trial counsel was ineffective for failing to move for judgment of acquittal on the grounds of insufficiency of the evidence, was not presented in his opening brief and is therefore waived. Acosta-Huerta, 7 F.3d at 144.
 IV. Sentencing
 A. Calculation of Responsible Amount
 The record contained sufficient evidence for the sentencing court to conclude, by a preponderance of the evidence, that Uchimura took 510.30 grams of crystal methamphetamine from the HPD evidence room. The record also contained sufficient evidence for the sentencing court to conclude that Uchimura's possession of the crystal methamphetamine was part of the same course of conduct as his cocaine possession. Accordingly, the sentencing court's factual findings underlying Uchimura's offense level were not clearly erroneous.
 B. Perjury Adjustment
 The sentencing court explicitly found 1) that Uchimura "was aware that structuring was a crime and was also aware of the reporting requirement," contrary to his testimony, and 2) that Uchimura "did testify falsely that he never criminally engaged in drug activity." Sentencing Hearing Transcript at 10. These findings provide ample support for the sentencing court's finding of obstruction of justice. They are also sufficient to encompass "all of the factual predicates for a finding of perjury." U.S. v. Dunnigan, 507 U.S. 87, 95 (1993). Uchimura's two-level sentence enhancement for obstruction of justice under U.S.S.G. § 3C1.1 was therefore proper.
 
 
 1
 AFFIRMED.
 
 
 
 *
 Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not intended for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3