PER CURIAM.
 

 Edward Norvell McNeal appeals the district court’s denial of his motion to correct an illegal sentence under Federal Rule of Criminal Procedure 35(a). We affirm.
 

 The district court sentenced McNeal to five years of special parole under 21 U.S.C. § 841(b) (Supp. II 1984). McNeal asserts this portion of his sentence is illegal because Congress eliminated the special parole requirement before his sentencing.
 
 See
 
 Sentencing Reform Act of 1984, Pub.L. No. 98-473, 98 Stat.1987 (1984). We disagree. Because McNeal committed the offense before October 27, 1986, the amendment eliminating special parole does not apply to him.
 
 See Gozlon-Peretz v. United States,
 
 — U.S.-, 111 S.Ct. 840, 844, 849, 112 L.Ed.2d 919 (1991). Thus, the district court properly sentenced McNeal under the statute in effect before the amendment.
 

 McNeal also argues the district court illegally imposed the special parole term because the district court sentenced him under 21 U.S.C. § 841(b)(1)(A), which makes no provision for special parole. In ruling on McNeal’s motion, the district court recognized it had actually sentenced McNeal under 21 U.S.C. § 841(b)(1)(B), which requires a special parole term, rather than under subsection (b)(1)(A), as the judgment stated. The district court corrected the judgment by changing the statutory reference to 21 U.S.C. § 841(b)(1)(B), and denied McNeal’s motion. We agree with the Government that the district court’s mistake was a clerical one, and the district court properly denied McNeal’s motion to correct his sentence.
 
 See
 
 Fed.R.Crim.P. 36.
 

 Accordingly, we affirm.