57 F.3d 1074
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Charles Albert POE, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2575
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 9, 1995
Filed: June 20, 1995
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles Albert Poe, a federal prisoner, appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Following his guilty plea to manufacturing a controlled substance, from on or about August 22, 1986, until on or about October 4, 1986, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, Poe was sentenced to a ten-year term of imprisonment and a five-year term of special parole. Poe asserts that his term of special parole is invalid because the Comprehensive Crime Control Act of 1984 amended section 841 by eliminating special parole as punishment and the Act did not "save" terms of special parole imposed prior to its effective date. We disagree. When Poe committed his offense, section 841(b)(1)(B) imposed a special parole term of at least three years in addition to imprisonment. See 21 U.S.C. Sec. 841(b)(1)(B) (Supp. III 1985). Because Poe committed his offense before the effective date of the amendment, "the amendment eliminating special parole does not apply to him." United States v. McNeal, 932 F.2d 1255, 1255 (8th Cir. 1991) (per curiam) (citing Gozlon-Peretz v. United States, 498 U.S. 395, 399-401, 408-10 (1991)).
 
 
 2
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota