# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3578

_____

United States of America,      *
     *
        Appellee,      *
     *    Appeal from the United States
    v.      *    District Court for the
     *    District of Minnesota.
Gary Lee Morris,      *
     *      [UNPUBLISHED]
       Appellant.      *

_____

Submitted: September 7, 2000
Filed: September 12, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Gary Lee Morris challenges his conviction and the sentence imposed by the district court[1] following his guilty plea to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and to failure to appear, in violation of 18 U.S.C. § 3150.

_____

[1]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

Morris was arrested in July 1975, and after he was indicted on the marijuana charge, he failed to appear for his arraignment hearing in October 1975. He was again arrested in Tacoma, Washington, on November 26, 1998. Morris pleaded guilty pursuant to an oral plea agreement, under which the parties agreed that he could be sentenced to 4-1/2 years on each count, to run concurrently, with a 2-year special parole term on the marijuana charge. The district court sentenced him to 24 months on the marijuana charge, with the mandatory 2-year special parole term, and to 12 months on the failure-to-appear charge, to be served consecutively. Morris appeals.

Morris first argues that he should be allowed to withdraw his guilty plea because the district court violated Federal Rule of Criminal Procedure 11 by failing to adequately inform him that his plea to the failure-to-appear charge would require a sentence consecutive to the drug charge. We find the district court adequately informed Morris of the consequences of his plea, see United States v. Burney, 75 F.3d 442, 445 (8th Cir. 1996) (court's failure to advise defendant of possibility of consecutive terms did not violate Rule 11 where court had informed defendant of maximum sentence on each count, thus implicitly alerting him to possibility of consecutive sentencing), and in any event, any possible error was harmless because the total sentence imposed was shorter than the maximum term allowed under the plea agreement, see Federal Rule of Criminal Procedure 11(h) (any variance from procedures established by Rule 11 "which does not affect substantial rights shall be disregarded").

Second, Morris argues that the court should not have imposed a special parole term with his sentence, both because he had been "virtually crime-free" for twenty-four years prior to his sentence, and because special parole was not authorized for his offense at the time it was committed. We find that these arguments fail. See 21 U.S.C. § 841(b)(1)(B) (1971) (any sentence imposing term of imprisonment under this paragraph shall impose special parole term of at least two years in addition to term of imprisonment); United States v. McNeal, 932 F.2d 1255, 1255 (8th Cir. 1991) (per

curiam) (where defendant committed offense before October 27, 1986, amendment eliminating special parole did not apply to him).

Third, we reject Morris's claim that a letter from the prosecution to the judge regarding his possible sentence violated his due process rights fails. His attorney received a copy of the letter, and therefore it was not ex parte.

Fourth, Morris's challenge to the factual basis of his plea fails, because he stated that he knew he was supposed to appear at his arraignment and willfully failed to do so. See United States v. McGill, 604 F.2d 1252, 1254 (9th Cir. 1979) (to prove defendant guilty of violating § 3150 in jury case, government required to prove defendant was released pursuant to statute, was required to appear in court, knew that he was required to appear, and was willful in failure to appear), cert. denied, 444 U.S. 1035 (1980).

Finally, we find Morris's claim that he did not knowingly enter his guilty plea fails, both because the plea transcript shows that Morris understood the charges against him, see United States v. Young, 927 F.2d 1060, 1063-64 (8th Cir.), cert. denied, 502 U.S. 943 (1991), and because a defendant's claim that a plea was involuntary must be initially presented to the district court on a motion to withdraw a guilty plea, which Morris has not done, see id. at 1061.

Accordingly, we affirm. We grant Morris's motion to disregard one issue raised in his counsel's brief, and his motion to add a citation to his supplemental brief. We deny as moot Morris's motions for substitution of counsel and to expedite the appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.