**2023 WI APP 53**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:
2022AP658-CR
2022AP659-CR
2022AP661-CR
2022AP662-CR
2022AP663-CR

Complete Title of Case:

**STATE OF WISCONSIN,**

　　　　　**PLAINTIFF-RESPONDENT,**

　　　**V.**

**AARON L. JACOBS,**

　　　　　**DEFENDANT-APPELLANT.**

| | |
|---|---|
| Opinion Filed: | September 19, 2023 |
| Submitted on Briefs: | |
| Oral Argument: | August 8, 2023 |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Gill, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jeremy A. Newman*, assistant state public defender, Madison. There was oral argument by Jeremy A. Newman. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Joshua L. Kaul*, attorney general, and *Michael C. Sanders*, assistant attorney general. There was oral argument by Michael C. Sanders. |

**2023 WI App 53**

**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**September 19, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.**  **2022AP658-CR**
**2022AP659-CR**
**2022AP661-CR**
**2022AP662-CR**
**2022AP663-CR**

Cir. Ct. Nos. **2020CF286**
**2021CF278**
**2021CF279**
**2021CF280**
**2021CF351**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

AARON L. JACOBS,

DEFENDANT-APPELLANT.

APPEALS from orders of the circuit court for Shawano County: KATHERINE SLOMA, Judge. *Orders reversed and cause remanded with directions.*

Before Stark, P.J., Hruz and Gill, JJ.

¶1 GILL, J. Aaron Jacobs appeals nonfinal orders denying his motions to dismiss seventeen felony bail jumping charges and his motion for reconsideration.[1] Jacobs argues that the State fails to state a claim for each of the felony bail jumping charges because he was no longer "released from custody under [WIS. STAT.] ch. 969" (2021-22), at the time that the alleged acts that gave rise to the charges occurred.[2] *See* WIS. STAT. § 946.49.

¶2 WISCONSIN STAT. § 946.49(1)(b) states that "[w]hoever, *having been released from custody under [WIS. STAT.] ch. 969*, intentionally fails to comply with the terms of his or her bond" is guilty of a Class H felony, if the offense with which the person was charged and released under ch. 969 is a felony. (Emphasis added.) No Wisconsin case has addressed the meaning of "having been released from custody" in the context of a defendant who was released under ch. 969, but then after re-arrest (and thereby being placed in custody) pursuant to a bench warrant issued for the case from which the defendant was initially released from custody, allegedly failed to comply with the terms of his or her bond.

¶3 For the purpose of determining whether a defendant can be charged and convicted of bail jumping, the parties propose, and we adopt, a two-step test to

---

[1] At the time the State filed its respondent's brief, the State argued that all seventeen felony bail jumping charges were legally prosecutable against Jacobs. At oral argument, the State conceded that it could not support fourteen of the bail jumping charges. More specifically, the State conceded that we should reverse and remand the circuit court's orders as they relate to Shawano County case Nos.: 2020CF286 (one count); 2021CF279 (four counts); 2021CF280 (eight counts); and 2021CF351 (one count). We agree that the State's concession is consistent with the relevant law.

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted. Amendments to WIS. STAT. ch. 969 under 2023 Wis. Acts 3 and 10, enacted in response to a constitutional amendment passed by voters in April 2023, did not change any of the statutory provisions that are relevant to this appeal.

determine when—after being released from custody under WIS. STAT. ch. 969—a defendant no longer meets the definition of "having been released." First, the defendant must be placed in physical custody on the bond at issue. Second, there must be some court action regarding the bond under which the defendant was previously released.

¶4      The parties disagree, however, as to when the second requirement is met. According to the State, the second requirement is met only when the defendant returns to court for the case in question from which the defendant was released on bond. Jacobs argues that the second requirement is met once a defendant is arrested on a bench warrant, regardless of whether he or she has yet been brought before a circuit court.

¶5      We conclude that a circuit court action sufficient to establish that a defendant is no longer "released from custody under [WIS. STAT.] ch. 969" for purposes of WIS. STAT. § 946.49, includes the issuance of a bench warrant, the revocation of bond, or the modification of bond such that a defendant cannot obtain release. *See* WIS. STAT. § 968.09 (warrant on failure to appear); § 969.08 (grant, reduction, increase or revocation of conditions of release).

¶6      As this analysis relates to Jacobs' appeal, the State charged Jacobs with felony bail jumping for actions he was alleged to have taken after he was arrested pursuant to bench warrants issued for his failure to appear in circuit court in cases venued in Forest and Outagamie Counties. A circuit court may issue a bench warrant for a defendant's arrest when the defendant "fails to appear before the [circuit] court as required." *See* WIS. STAT. § 968.09(1). "Prior to the defendant's appearance in [circuit] court after" his or her "arrest under sub. (1),

3

[WIS. STAT.] ch. 969 shall not apply." Sec. 968.09(2). Therefore, after his arrest under § 968.09(1), Jacobs could not have been subject to release under ch. 969 until he returned to court, and, thus, he was statutorily disqualified from prosecution under WIS. STAT. § 946.49 during that time. We therefore reverse the circuit court's nonfinal orders and remand with instructions to grant Jacobs' motions to dismiss all seventeen of the felony bail jumping charges.

## BACKGROUND

¶7 In May 2019, Jacobs was charged with various offenses, including one felony count, in Forest County case No. 2019CF62 ("the Forest County case"). In October 2019, Jacobs was similarly charged with multiple offenses, including felony counts, in Outagamie County case No. 2019CF936 ("the Outagamie County case").[3] Bail was set at $5,000 in the Forest County case and $2,000 in the Outagamie County case.[4] As relevant to this appeal, Jacobs posted the bail ordered in both cases by the end of November 2019.

---

[3] Jacobs asks this court to take judicial notice of the relevant dates regarding the Forest and Outagamie County cases, as reflected in Wisconsin's Consolidated Court Automation Programs (CCAP). CCAP "'is not the official record of a criminal case, as the clerks of court for each county are the officials responsible for those records.' However, we may take judicial notice of the CCAP records." *State v. Aderemi*, 2023 WI App 8, ¶7 n.3, 406 Wis. 2d 132, 986 N.W.2d 306 (citations omitted). There are no documents from the Forest and Outagamie County cases in the record. For purposes of this appeal, we rely in part on the parties' briefing, as well as the CCAP records for information regarding the Forest and Outagamie County cases. There are no factual disputes regarding the dates in question.

[4] "Bail" and "bond" are distinct terms. "Bail" is defined as "monetary conditions of release." *See* WIS. STAT. § 969.001(1); *see also* WIS. STAT. § 967.02(1d). "Bond" is defined as "an undertaking either secured or unsecured entered into by a person in custody by which the person binds himself or herself to comply with such conditions as are set forth therein." Sec. 967.02(1h); *see also State v. Dawson*, 195 Wis. 2d 161, 168 n.2, 536 N.W.2d 119 (Ct. App. 1995).

¶8    On February 4, 2020, Jacobs failed to appear for a hearing in the Forest County case, and the Forest County circuit court issued a bench warrant and ordered Jacobs' bond including bail forfeited. The next day, Jacobs failed to appear for a hearing in the Outagamie County case. The Outagamie County circuit court issued a bench warrant on February 7, 2020, that stated Jacobs "shall be held for an appearance in court." On March 16, 2020, Jacobs was arrested in an unrelated case in Shawano County as well as on the Forest and Outagamie County bench warrants.

¶9    On April 26, 2020, while in custody at the Shawano County Jail, Jacobs allegedly obstructed an officer. As a result of that conduct, Jacobs was later charged in Shawano County case No. 2021CF278 with, as relevant to this appeal, one count of obstructing an officer and two counts of felony bail jumping. The felony bail jumping charges were based on the allegation that, by committing a new crime, Jacobs violated the conditions of his bonds in the Forest and Outagamie County cases.

¶10    On June 3, 2020, the Outagamie County circuit court held a return hearing on the warrant issued in the Outagamie County case. During the hearing, the circuit court agreed to return Jacobs' bail to the individual who had posted it. The court stated that Jacobs would need to repost $2,000 to obtain release. For purposes of this appeal, Jacobs did not post this bail amount.

¶11    On June 10, 2020, Jacobs allegedly committed additional offenses while in custody at the Shawano County Jail. Jacobs was thereafter charged in Shawano County case No. 2020CF286 with, as relevant to this appeal, disorderly conduct, battery by a prisoner, throw/discharge bodily fluid at public safety worker, and two counts of felony bail jumping. Again, the bail jumping charges were based

5

on allegations that, by committing new crimes, Jacobs had failed to comply with the terms of his bonds in the Forest and Outagamie County cases. Jacobs did not have a return hearing on the warrant issued in the Forest County case until September 8, 2020, at which time the circuit court quashed the warrant and set Jacobs' bail at $10,000. Again, it is undisputed for purposes of this appeal that Jacobs did not post this bail amount.[5]

¶12    Jacobs filed a motion to dismiss the felony bail jumping charges in Shawano County case No. 2021CF278 pursuant to *Franks*/*Mann*,[6] arguing that the State failed to include information in the complaint showing that Jacobs was "released from custody" at the time of the bail jumping allegations. The circuit court denied Jacobs' motion.

¶13    Following the circuit court's ruling, Jacobs filed a motion for reconsideration, arguing that the court made a manifest error of law because he was not "released from custody" in the Forest and Outagamie County cases at the time he allegedly committed the criminal acts charged. *See* WIS. STAT. § 946.49. Following a hearing, the court denied Jacobs' motion for reconsideration. After Jacobs was charged in Shawano County case No. 2020CF286, he filed a similar *Franks*/*Mann* motion in that case. The court denied that motion, citing its prior

---

[5] Because the State concedes the remaining issues regarding the fourteen other bail jumping charges tied to the Forest and Outagamie County cases, we will not provide the factual background for those charges other than to say that the remaining charges are based on alleged conduct that occurred after September 8, 2020, while Jacobs was still being held on bail in the Forest and Outagamie County cases.

[6] *See Franks v. Delaware*, 438 U.S. 154 (1978); *State v. Mann*, 123 Wis. 2d 375, 367 N.W.2d 209 (1985).

6

decisions in case No. 2021CF278. On June 27, 2022, we granted Jacobs' petition for leave to appeal the court's nonfinal orders. *See* WIS. STAT. RULE 809.50(3).

## DISCUSSION

### I. Standard of Review

¶14 This case involves the interpretation of WIS. STAT. § 946.49(1), which presents a question of law that we review de novo. *See **State v. Ziegler***, 2012 WI 73, ¶37, 342 Wis. 2d 256, 816 N.W.2d 238. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110.

¶15 "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." ***Id.***, ¶45 (citation omitted).

> At the same time, ascertaining the plain meaning of a statute requires more than focusing on a single sentence or portion thereof. We therefore interpret statutory language in the context in which it is used, "not in isolation but as part of a whole." In addition, we must construe statutory language reasonably. An unreasonable interpretation is one that yields absurd results, or contravenes the statute's manifest purpose[.]

***Ziegler***, 342 Wis. 2d 256, ¶43 (citations omitted; quoting ***Kalal***, 271 Wis. 2d 633, ¶46). Further, statutory history "is part of a plain meaning analysis" and "encompasses the previously enacted and repealed provisions of a statute." ***Fabick***

*v. Evers*, 2021 WI 28, ¶30 n.12, 396 Wis. 2d 231, 956 N.W.2d 856 (citation omitted).

## II. Pretrial release and bail jumping statutes

¶16    Prior to 1969, the pretrial release of defendants was governed by WIS. STAT. ch. 954 (1967-68).  At that time, there was no statute criminalizing "bail jumping." *See* Prefatory Note, 1969 Wis. Laws, ch. 255; *see also* **State v. Anderson**, 219 Wis. 2d 739, 753, 580 N.W.2d 329 (1998); Amy Johnson, *The Use of Wisconsin's Bail Jumping Statute:  A Legal and Quantitative Analysis*, 2018 WIS. L. REV. 619, 619 (2018).  Then, in 1969, WIS. STAT. § 946.49 was enacted, adding "bail jumping" to the criminal code.  The language in question on appeal has remained largely the same since then.  *Compare* § 946.49(1) (2021-22) ("Whoever, having been released from custody under [WIS. STAT.] ch. 969 ….") *with* § 946.49(1) (1969-70) ("Whoever, having been released from custody pursuant to ch. 969 ….").

¶17    When charged with a felony, a defendant

> may be released by [a] judge without bail or upon the execution of an unsecured appearance bond or the judge may in addition to requiring the execution of an appearance bond or in lieu thereof impose one or more of the following conditions which will assure appearance for trial:
>
> (a) Place the person in the custody of a designated person or organization agreeing to supervise the person.
>
> (b) Place restrictions on the travel, association or place of abode of the defendant during the period of release.
>
> (c) Prohibit the defendant from possessing any dangerous weapon.
>
> (d) Require the execution of an appearance bond with sufficient solvent sureties, or the deposit of cash in lieu of

> sureties.  If the judge requires a deposit of cash in lieu of sureties, the person making the cash deposit shall be given written notice of the requirements of sub. (4).
>
> (e) Impose bail following a finding under [WIS. STAT. §] 969.01(1)(b) or any nonmonetary condition deemed reasonably necessary to secure appearance in court as required, protect members of the community from serious harm, or prevent intimidation of witnesses, including a condition requiring that the defendant return to custody after specified hours.

WIS. STAT. § 969.03(1).  "As a condition of release in all cases, a person released under [§ 969.03] shall not commit any crime."  Sec. 969.03(2).

¶18    WISCONSIN STAT. § 946.49(1) states that "[w]hoever, having been released from custody under [WIS. STAT.] ch. 969, intentionally fails to comply with the terms of his or her bond" is guilty of a Class H felony, if the offense with which the person is charged is a felony.  The elements for felony bail jumping are:

9

(1) The defendant was [charged with a felony].

(2) The defendant was released from custody on bond.

(3) The defendant intentionally failed to comply with the terms of the bond.

Wis JI—Criminal 1795 (2018). Only the second element is at issue in this appeal.

¶19 Once a defendant is released from custody, a circuit court retains control over the defendant's bond in at least four ways. First, a circuit court may issue a bench warrant for a defendant's arrest when the defendant "fails to appear before the [circuit] court as required." *See* Wis. Stat. 968.09(1). "Prior to the defendant's appearance in [circuit] court after" his or her "arrest under sub. (1), [Wis. Stat.] ch. 969 shall not apply." Sec. 968.09(2).

¶20 Second, upon petition by the State or a defendant, a circuit court "may increase or reduce the amount of bail or may alter other conditions of release or the bail bond or grant bail if it has been previously revoked." Wis. Stat. § 969.08(1). Third, a "[v]iolation of the conditions of release or the bail bond constitutes grounds for [a circuit] court to …, if the alleged violation is the commission of a serious crime, revoke release." Sec. 969.08(2); *cf.* § 969.08(9) ("This section does not limit any other authority of a [circuit] court to revoke the release of a defendant."). And lastly, "[i]f the conditions of [a defendant's] bond are not complied with, [a circuit]

court … shall enter an order declaring the bail to be forfeited."[7]    WIS. STAT. 969.13(1).

### III.  Interpretation of WIS. STAT. § 946.49

¶21    No Wisconsin case has addressed the meaning of "having been released from custody" in the context of a defendant who was released under WIS. STAT. ch. 969, but then allegedly failed to comply with the terms of his or her bond after re-arrest (and thereby placed in custody) pursuant to a bench warrant issued for the case from which the defendant was initially released from custody.  *See* WIS. STAT. § 946.49.

¶22    To begin, the State does not argue that the language "having been" in WIS. STAT. § 946.49 means that a defendant was released *at any point in time* during a criminal case.  In other words, the State concedes that § 946.49, in some circumstances, has a stopping point other than the end of a criminal case's proceedings.  For example, as the State concedes, a defendant who is arrested and has his or her bond revoked cannot be liable under § 946.49 for criminal acts committed in custody after the bond was revoked simply because, at one point in the proceedings, the defendant was released from custody under WIS. STAT. ch. 969.

---

[7] A circuit court also has the authority to issue pretrial orders protecting alleged victims and witnesses.  *See* WIS. STAT. § 940.47.  Further, WIS. STAT. § 940.49 subjects defendants released under WIS. STAT. ch. 969 to an automatic condition that prohibits the intimidation of victims and witnesses.  Any violation of either §§ 940.47 or 940.49 can result in "the revocation of any form of pretrial release or forfeiture of bail and the issuance of a bench warrant for the defendant's arrest or remanding the defendant to custody."  WIS. STAT. § 940.48(3).  In addition, a defendant need not be "released from custody under ch. 969," *see* WIS. STAT. § 946.49, to be subject to a court order under § 940.47 and the penalties under § 940.48, including contempt of court.  *See* **State v. Orlik**, 226 Wis. 2d 527, 539-40, 595 N.W.2d 468 (Ct. App. 1999).

11

Conversely, if a defendant successfully remains released under ch. 969 in the particular case in which bond was granted, then he or she would be subject to § 946.49 until the case ends (dismissal, acquittal, mistrial, conviction, etc.). *See, e.g.*, WIS. STAT. § 969.01(2) (eligibility for release after conviction).

¶23 This interpretation is consistent with federal courts' interpretation of the federal bail jumping statute, which was the basis for our state's bail jumping statute when it was enacted in 1969.[8] Prefatory Note, 1969 Wis. Laws, ch. 255 (stating the act's provisions related to pretrial release were "taken from the Federal Bail Reform Act of 1966"); *see also* **State v. Dobbs**, 2020 WI 64, ¶35, 392 Wis. 2d 505, 945 N.W.2d 609 ("When a state statute is modeled after a federal rule, we look to the federal interpretation of that rule for guidance and assistance." (citation omitted)).

¶24 When interpreting the federal bail jumping statute, federal courts have consistently interpreted the phrase "having been released" to mean "*at the time*" the defendant was released and committed the alleged offense leading to the bail jumping charge. *See* **United States v. Castaldo**, 636 F.2d 1169, 1170-72 (9th Cir. 1980) ("We must decide whether [the defendant] was in the status 'having been released' *at the time*" he allegedly committed bail jumping (emphasis added));

---

[8] Notably, the language used in WIS. STAT. § 946.49 (1969-70) (and today) is substantially similar to the language used in the Federal Bail Reform Act of 1966. The Federal Bail Reform Act of 1966 stated, "Whoever, *having been released* pursuant to this chapter, willfully fails to appear before any court … as required, shall, … if he was released in connection with a charge of felony … be fined not more than $5,000 or imprisoned not more than five years, or both …." 18 U.S.C. § 3150 (1966) (emphasis added); *cf.* 18 U.S.C. 3146 (the current federal bail jumping statute, which reads, "Whoever, having been released under this chapter knowingly ….").

12

*Milhem v. United States*, 834 F.2d 118, 121-23 (7th Cir. 1987) (same); *United States v. Torres*, 807 F.3d 257, 263 (7th Cir. 2015) (same).[9]

¶25 Therefore, our task is to determine at what point a defendant stops being subject to WIS. STAT. § 946.49 in a criminal proceeding if his or her release status under WIS. STAT. ch. 969 is changed. Both parties agree that custody is necessary. That is, for § 946.49 not to apply, a defendant must be arrested in connection with the case in which he or she was previously released from custody under ch. 969. The State goes one step further and argues that the stopping point for purposes of § 946.49 is when a circuit court takes some action on a defendant's bond or bail *at a hearing*. Conversely, Jacobs contends that any court action (e.g., the issuance of a bench warrant for failure to appear) is sufficient to shield a defendant from liability under § 946.49 after he or she is arrested. For the reasons that follow, we agree with Jacobs.[10]

¶26 Two cases have addressed similar bond-related issues. First, in *State v. Orlik*, 226 Wis. 2d 527, 538, 595 N.W.2d 468 (Ct. App. 1999), this court concluded that a no-contact provision imposed as a condition of a defendant's bond was unenforceable because the defendant was unable to post his bail in that case and, therefore, was never released on bond. Specifically, we held that a circuit court

> may impose monetary conditions the defendant must meet
> before release and other conditions the defendant must meet
> when the defendant is released, but [WIS. STAT. § 969.01]
> does not suggest that the court has authority to enter orders

---

[9] We are unaware of any federal case that has applied the "having been released" language differently.

[10] As will be explained, sometimes, although not always, court action sufficient to satisfy the second requirement will necessarily require a hearing when dictated by statute.

13

governing the defendant's conduct if he [or she] is not released because he [or she] cannot post bail.

*Orlik*, 226 Wis. 2d at 538.

¶27    Second, in *State v. Dewitt*, 2008 WI App 134, ¶2, 313 Wis. 2d 794, 758 N.W.2d 201, a defendant was charged with misdemeanor offenses in one case and felony offenses in two other cases.  Following a joint bond hearing in all three cases, the circuit court imposed a $500 signature bond in the misdemeanor case and a cash bond with bail in both of the felony cases.  *Id.*, ¶3.  The court also imposed conditions in the misdemeanor case and one of the felony cases prohibiting the defendant from having contact with an alleged victim.  *Id.*  The defendant signed the signature bond but could not post bail in the felony cases and therefore remained in custody on those two cases.  *Id.*  Prior to posting bail in the felony cases, the defendant allegedly violated the no-contact order in the misdemeanor case.  *Id.*, ¶4. The State then charged him with nine counts of misdemeanor bail jumping.  *Id.*  On appeal, the defendant argued that those charges were invalid because he was in custody at the time of the alleged contact and therefore was not "released" on bond. *Id.*, ¶¶7-8.

¶28    This court disagreed that physical release from custody was the correct interpretation of "released from custody under [WIS. STAT.] ch. 969." *See* WIS. STAT. § 946.49.  We noted that "[t]here is one important clue that physical release is not the sole meaning of release in the bond context.  [A circuit] court is permitted to impose 'a condition that the defendant return to custody after specified

14

hours.'" ***Dewitt***, 313 Wis. 2d 794, ¶14 (citing WIS. STAT. § 969.02(3)(d)).[11] Based on the language used in § 969.02(3)(d), we reasoned:

> Because it would be absurd to conclude that conditions of release would then apply when the defendant was outside the jail, but be "turned off" upon return to custody, it is evident that "release" refers to the defendant posting the bond, be it signature or cash, and need not be accompanied by the defendant's physical departure from the jailhouse.

***Dewitt***, 313 Wis. 2d 794, ¶14. We therefore concluded that although the defendant was in custody in relation to the two felony cases when he purportedly had contact with the victim, he was "released" in the misdemeanor case at the moment "he fulfilled the signature bond." ***Id.***, ¶17. As a result, the conditions of his misdemeanor bond applied despite his custody status. ***Id.***

¶29 When ***Orlik*** and ***Dewitt*** are read together, it is clear that in order for a defendant to be charged with bail jumping under WIS. STAT. § 946.49, the alleged acts must have occurred while he or she was released from custody (meaning he or she signed the necessary forms and/or posted the necessary bail, but it does not necessarily mean a physical release from jail) under WIS. STAT. ch. 969 on the case in which he or she was charged. Reasons for custody other than those related to the custody status in that specific case are irrelevant.

¶30 This conclusion makes sense, given the fact that bond is essentially a contract between a defendant and a circuit court that "binds" the defendant "to comply with such conditions as are set forth" in the agreement. *See* WIS. STAT. § 967.02(1h) (defining "bond"); ***State v. Braun***, 100 Wis. 2d 77, 82, 301 N.W.2d

---

[11] A circuit court may also impose this condition for a defendant charged with a felony. *See* WIS. STAT. § 969.03(1)(e); *see also supra* ¶17.

180 (1981) (interpreting a bond agreement like a contract). Once the bond agreement is changed or broken—either by the court or by the defendant—and the defendant is put in custody on that specific case, the agreement is no longer enforceable. Prior to a defendant's custody pursuant to the bond's change, he or she still benefits from the original agreement with the court and therefore remains "released."

¶31 It follows, then, that a defendant cannot be liable under WIS. STAT. § 946.49 for acts occurring after he or she was initially "released from custody under [WIS. STAT.] ch. 969" but was then placed in custody in connection with the same case in which he or she had previously been released. Stated differently, a defendant does *not* meet the definition of "having been released from custody under ch. 969" when (1) the defendant is arrested in connection with the case in which he or she was previously released pursuant to ch. 969, and (2) there is court action on the bond under which the defendant was released that leads to the defendant's custody.

¶32 Our conclusion, rooted in WIS. STAT. § 946.49's text and our case law, is similarly supported by the context in which other statutes relate to § 946.49, particularly those statutes granting circuit courts control over a defendant's bond after his or her release under WIS. STAT. ch. 969. For example, under WIS. STAT. § 968.09(1), a circuit court may issue a bench warrant for a defendant's arrest when the defendant "fails to appear before the [circuit] court as required." "Prior to the defendant's appearance in [circuit] court after" his or her "arrest under sub. (1), ch. 969 shall not apply." Sec. 968.09(2). As such, once arrested pursuant to § 968.09(2), the defendant is not "released" in the sense that he or she can obtain

16

release under ch. 969.[12] At a minimum, the defendant is forced to remain in custody until his or her "appearance in [circuit] court." Sec. 968.09(2). Contrary to the State's assertion, the defendant's appearance before a court is immaterial under § 946.49 because an arrest is authorized pursuant to the warrant prior to the defendant's appearance in court. The defendant is not at liberty to pick his or her

---

[12] The State contends that WIS. STAT. § 968.09 "says only that when a person is arrested on a warrant for failure to appear, a [circuit] court may not release him [or her] from custody again until he [or she] appears. It does not say that the original bond upon which the defendant was released is revoked." We agree that the original bond is not "revoked" in the sense that revocation occurs under WIS. STAT. § 969.08(2) (violation of bond due to the commission of a "serious crime"), § 969.08(9) (revocation of bail is a power the circuit court possesses), or WIS. STAT. § 940.48(3) (violation of a court order related to alleged victims and witnesses).

Assuming the State means to argue that WIS. STAT. § 968.09 does not say that a defendant's bond is paused upon an arrest under § 968.09, the State's interpretation is contrary to the plain meaning of the statute. Section 968.09(2) states that WIS. STAT. ch. 969 shall not apply if a defendant is arrested "under sub. (1)" (i.e., pursuant to the bench warrant issued for failing to appear before the circuit court as required). Therefore, § 968.09(2) necessarily applies to the case in which the defendant was arrested for failing to appear.

For example, if a defendant posted $500 bail in Case A, later failed to appear in Case A, and the circuit court issued a bench warrant, the defendant would not be eligible for release in Case A after being arrested pursuant to the bench warrant in Case A "[p]rior to [his or her] appearance in court." *See* WIS. STAT. § 968.09. The State could charge the defendant in a new case, Case B, and the defendant would be eligible for bond in Case B, but he or she still would not be eligible for "release[]" from Case A until appearing before the court in Case A. If the actions giving rise to the charge in Case B occurred before the defendant's arrest, the State could also charge the defendant with bail jumping in Case B based upon his or her violation of his or her bond conditions in Case A. However, if the actions giving rise to charges in Case B occurred while the defendant was held on the bench warrant in Case A and prior to his or her appearance in court, the State could not charge the defendant with bail jumping in Case B. Or, using the same fact scenario above, if the defendant allegedly assaults a jail employee while in custody awaiting a hearing before the court in Case A under WIS. STAT. § 968.09(2), the State could charge the defendant in Case C with battery, and the defendant would be subject to release in Case C under WIS. STAT. ch. 969, but the State could not charge the defendant with bail jumping for violation of the Case A bond conditions.

17

court date and, as evidenced in Jacobs' situation, can ultimately wait several months for a hearing under § 968.09(2).

¶33    Similarly, "[u]pon petition by the [S]tate or [a] defendant, the [circuit] court before which the action is pending may increase or reduce the amount of bail or may alter other conditions of release or the bail bond or grant bail if it has been previously revoked."    WIS. STAT. § 969.08(1).    It follows, then, that under § 969.08(1), a defendant whose bond is modified and who is returned to custody pursuant to the bond modification, is necessarily no longer released under WIS. STAT. ch. 969 because the modification resulted in the defendant's custody from which he or she cannot obtain release.    Bond modification, therefore, constitutes court action sufficient to satisfy the second requirement of the two-part test discussed above.

¶34    In all, we conclude that—after being released from custody under WIS. STAT. ch. 969—a defendant does *not* continue to meet the definition of "having been released from custody under ch. 969" after: (1) the defendant is arrested in connection with the case in which he or she was previously released from custody pursuant to ch. 969; and (2) there is court action regarding the bond pursuant to which the defendant was previously released.[13]   Court action sufficient to meet the second requirement may occasionally require a hearing (e.g., the revocation of bond

---

[13] We need not determine whether the forfeiture of Jacobs' Forest County bail on February 4, 2020, was, alone, sufficient to shield Jacobs from liability under WIS. STAT. § 946.49 because Jacobs does not raise such an argument on appeal.  Additionally, even if Jacobs did raise that argument, it would be unnecessary for us to address it because we reverse the circuit court's orders with respect to all seventeen bail jumping charges on narrower grounds. *See State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997) ("An appellate court should decide cases on the narrowest possible grounds.").

under WIS. STAT. § 969.08(5)(b)1. without a warrant), but not always (e.g., the issuance of a bench warrant for failure to appear).

¶35    Applied to Jacobs' cases, Jacobs was not "released from custody under [WIS. STAT.] ch. 969," *see* WIS. STAT. § 946.49, at the time of the alleged violations of his bonds in the Forest and Outagamie County cases because he had been arrested on bench warrants issued by the circuit courts in both cases.  Until his hearings in those cases under WIS. STAT. 968.09(1), ch. 969 did not apply to him.[14] *See* § 968.09(2).  As such, the State cannot support the seventeen bail jumping charges.  We reverse the circuit court's nonfinal orders and remand with instructions to grant Jacobs' motions to dismiss all seventeen of the felony bail jumping charges.

*By the Court.*—Orders reversed and cause remanded with directions.

---

[14]  As the State concedes, the remaining fourteen bail jumping counts that occurred after Jacobs' bench warrant hearings are similarly unsupported because Jacobs' bail was either forfeited and increased (Forest County) or returned to the poster (Outagamie County).  In either case, Jacobs could not obtain release due to the circuit court's actions in forfeiting and modifying the bail amounts and was in custody at the time of the alleged offenses.

19